**STATE ex ATHA v GANSON et**

Ohio Appeals, 2nd Dist, Champaign Co

No 95.   Decided June 27, 1934

G. P. Seibert, Urbana, and E. P. Middleton, Urbana, for relator.

G. V. Fromme, Urbana, and D. M. Gibbs, Urbana, for respondents.

S. S. Deaton, Urbana, and H. W. Houston, Urbana, Amici Curiae.

## OPINION

By THE COURT

The demurrer searches the record. From the petition and the answer and the exhibits attached thereto we glean certain facts which are essential to a determination of the question presented. It is the theory of the relator that when Sweetman accepted the appointment as Director of Public Service of the City of Urbana and entered upon the duties thereof he thereby relinquished his appointment as civil service engineer; that his duties of service director were superior to and incompatible with his duties as civil engineer, which were those of an employee only; that when the relator was appointed Director of Service the only appointment and office to which Sweetman had any right was taken over by relator and that Sweetman at the date of filing of the petition in prohibition held no office or employment with the city of Urbana and that the respondents have no authority to entertain jurisdiction on the pretended appeal from the removal of Sweetman by the mayor.

It should be observed at the outset that Sweetman is not a party to this proceeding. However, it appears from the answer, which is undenied except insofar as inconsistent with the averments of the petition, that Sweetman, during the whole period of his tenure as Director of Service received no compensation therefor but was paid under his appointment as civil engineer and that he performed the duties and met the requirements of that appointment. It also appears that for a month after he had been succeeded as Director of Service he continued to perform the duties of civil engineer. This, it is urged, puts him in the status of a de facto officer.

After this month's service the mayor suspended Sweetman and thereafter removed him basing his action clearly upon the premise that he was an appointee in the classified civil service of the City of Urbana. After this order of removal Sweetman undertook to perfect his appeal to the respondent commission and to offer his defense by way of written explanation. At this juncture of the proceedings this action in prohibition was instituted.

We are favored with comprehensive and helpful briefs, not only from counsel for the parties but also from counsel amici curiae, who insist that the rights and interests of Sweetman may and should be

considered by this court in determining the question presented on the demurrer.

With this position we are in accord. It is difficult to separate Sweetman from a proper consideration of this cause. In fact, his interests are paramount. As we view the question presented, if it has any merit whatever, it is to determine Sweetman's status as an officer or employee of the city of Urbana. If this is not the proper view, then this whole proceeding is moot and without effect.

It is suggested that there is an understanding and common purpose of the mayor and relator to accomplish a discharge of Sweetman from his position with the city. We should properly indulge the presumption that the public service director and the mayor, who is his superior officer, are in accord in governmental and business policy of the mayor's administration and it is also proper to conclude that the mayor, by his act in removing Sweetman and the public service director by this proceeding, insisting that Sweetman has no office or employment with the city of Urbana, are in accord. However, their theories of the method of accomplishing Sweetman's severance from the service are entirely different. Their acts on the proposition of the method of barring Sweetman from further association with the administration in any capacity are entirely inconsistent. The mayor definitely grounded the dismissal of Sweetman upon civil service procedure. He preferred charges of a serious nature against Sweetman, charging pernicious political activity, the use of his office in an unfair and illegal manner to influence voters to oppose the election of a candidate for mayor, the use of his position to coerce employees in the service department of the city to vote for a certain candidate; that he caused an employee of the city to work at the polls on election day and permitted him to draw compensation for services for that day from the city and falsely certified a payroll including compensation for these services; that he presented, certified and caused the city to pay a bill for labor performed and material furnished to a private organization and that no reimbursement for the money so paid had been made to the city; that he was grossly negligent in making necessary repairs of the city sewage disposal plaint, all of which charges are set out at length and in detail.

The mayor makes an affirmative finding that Sweetman is guilty of each and all of the specific charges which are preferred against him and expressly finds that he is guilty of a violation of the civil service law. The explanations of Sweetman in detail and at considerable length are general and specific denials of the charges against him, together with explanations of the transactions embodied in the charges. Thus, it will be observed that the mayor has proceeded in his purpose to remove Sweetman under the civil service laws of the city of Urbana.

On the other hand, the relator in this case grounds his legal position upon the claim that Sweetman holds no position by appointment or otherwise under the city of Urbana, but although it is not expressly denied that Sweetman continued to do services for the city of Urbana after relator's appointment as service director, it is not averred that the relator discharged him or made any effort to do so.

From our knowledge of civil service law in its general application as taken from the Code, we are of opinion that if Sweetman was under civil service the charges against him should have been preferred by his superior officer, the Director of Public Service. However, we do not feel certain of our ground upon this premise because we do not have the specific provisions of the ordinance of the city of Urbana. But, granting that the civil service requirements contemplated that charges against Sweetman seeking his removal as a civil service appointee be preferred by his immediate superior but were preferred by the mayor of the city, we are confronted with a conflict of asserted rights as between the mayor and his public service director. It should be borne in mind that the jurisdictional question as it affected Sweetman as a civil service employee arose when the mayor asserted authority to prefer charges against Sweetman, to hear them and to remove him.

"The writ of prohibition is a high prerogative writ which should be issued only in cases of extreme necessity because of inadequacy of other remedies and then only when the right is clear. It should never issue in a doubtful case and should be used with great caution and forebearance for the furtherance of justice." 32 O. J., 567, 570 and cases there cited.

If we make the alternative writ of prohibition permanent we have stayed the proceedings against Sweetman at a time when there has been an adjudication of the mayor that Sweetman in office was guilty of irregularities, improprieties, dis-

honesty and corrupt and illegal practices. That there is a dispute in action between the mayor and the relator as to the status of Sweetman in the public service of the city of Urbana is apparent. It is likewise apparent that upon the facts there is ground for difference of opinion as to the status of Sweetman in the public service of the city of Urbana.

It is universally recognized that prohibition is not the proper proceeding to determine either the status of an officer or of an employee in the public service. We cannot escape the conclusion that the purpose of this action and the effect of our adjudication, should it be made upon the petition, would be a determination of the right of Sweetman to hold his position with the city of Urbana as civil engineer. If he is an employee only, then the Director of Service has full power to discharge him and should first exercise authority and thereby enable Sweetman to test by appropriate action the legality of such discharge. On the other hand, if the mayor is sound in his position that Sweetman is under civil service and in his right to remove him, then, manifestly, it would be grossly unfair to Sweetman to deny him the right of appeal as provided by law from the finding against him on serious charges. Then, too, any tribunal constituted by law to hear causes and make determination thereof has inherent power to determine its own jurisdiction. The respondent commission has such power. Of course, the mayor, before the commission, would be in an inconsistent position if he urged that the commission had no jurisdiction to entertain the appeal but the commission on its own motion, if thoroughly satisfied, could refuse to entertain the appeal upon the ground that it had no jurisdiction so to do.

The answer, in our judgment, pleading the facts, discloses controversy respecting the right of Sweetman to hold the appointment as civil engineer in the service department of the city of Urbana and compels this court to say that prohibition is not the proper procedure to determine the question.

The demurrer testing not only the answer but also the petition causes us to hold that the action is improperly instituted; that prohibition is not the suitable remedy and that the demurrer should be overruled and the petition and proceedings dismissed.

The question presented is involved and a discussion thereof in the confines of a written opinion is difficult. To concisely state our position, which we may not heretofore definitely have done, the writ of prohibition should not issue because, first, upon the pleadings there appears a definite dispute as to the status of Sweetman in his appointment as an employee of the city of Urbana and whether or not he is in the classified service. Second, as the right to retain his employment is clearly in issue a form of legal proceeding should be instituted where in he could be made a party and he could be given the opportunity to present his legal claims to the right to retention of his employment with the city.

A determination favorable to the claim of the relator in this cause would stamp as irregular and illegal the acts of the mayor in his removal of Sweetman upon the theory that he was in the classified civil service. Finally, unless the charges against Sweetman, because of their serious nature could be withdrawn, it would be highly inequitable and unfair to Sweetman by writ of prohibition to preclude his right of appeal and his right to defend against the charges which by action of the mayor have been determined to be true.

In this opinion we make no determination and express no opinion as to the truth of the charges against Sweetman and if we were required to adjudicate this cause we would be in no position to determine the question.

We readily find much to support the legal theory of counsel for the relator that the offices of public service director and civil service engineer are incompatible. If relator's legal position is sound and we do not hold that it is basically unsound, there are plain and adequate remedies at law which will effectually determine the vital question, namely, does Sweetman hold the right to any place of employment, classified or otherwise, with the city of Urbana?

It may be that a decision on the appeal will be but a determination of a moot question and not conclusive of the right of Sweetman to retain his employment with the city but upon the principles which we have undertaken to discuss we are of opinion that this court in its discretion should not interfere with the prosecution of the appeal in this case.

Upon the whole, we are satisfied that the remedy of prohibition is not proper under the peculiar facts in this case.

The demurrer will be overruled, the petition and proceedings dismissed.

HORNBECK, PJ, and BARNES, J, concur,