The State, ex rel. City of Canfield, Appellee, *v.* Frost, Appellant.

[Cite as State, ex rel. Canfield, *v.* Frost (1990), 53 Ohio St. 3d 13.]

(No. 89-1064—Submitted December 5, 1989—Decided August 1, 1990.)

*Richard A. Horning,* for appellee.
*Dennis Haines, Barry Laine* and *Steven Paulson,* for appellant.

*Per Curiam.* For a writ of prohibi-

tion to issue, a relator must establish that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, the exercise of such power is unauthorized by law, and it will result in injury for which no other adequate remedy exists. *State, ex rel. Cuyahoga Cty. Bd. of Commrs.,* v. *State Personnel Bd. of Review* (1989), 42 Ohio St. 3d 73, 537 N.E. 2d 212.

Here, however, the parties do not dispute that the commission is about to act, and Canfield does not assert the absence of an adequate remedy. Canfield instead contends that the commission has no authority whatsoever to consider Frost's appeal, and therefore, that the available remedy is "immaterial" to whether a writ of prohibition should issue. See, *e.g., State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 25 OBR 77, 495 N.E. 2d 16. The court of appeals apparently accepted this argument since it granted the writ without discussing the third element of the prohibition standard — no adequate remedy at law. Thus, we must decide whether the appellate court erred in reaching this result.

Frost claims that the commission is authorized to consider his appeal by the commission's own rules and regulations. The rules were promulgated pursuant to Canfield's charter and, according to Frost, they provide an appeal for both probationary and permanent employees. Frost cites Section 9.03 of Article IX of the rules, which provides:

"Within ten (10) days following the filing of *any* order of demotion, suspension, or removal, *the employee* may file an appeal, in writing, with the Commission. In the event such an appeal is filed, the Commission shall forthwith notify the appointing authority, and shall hear, or appoint a trial board to hear, such appeal within thirty (30) days from and after its filing with the Commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority." (Emphasis added.)

Relying on home-rule principles, Frost further claims that Section 9.03 should supersede R.C. 124.27. We agree that Section 9.03 represents a valid exercise of home rule, and thus, that the court of appeals erred by applying R.C. 124.27. However, we find nothing in Section 9.03 or any other rule that entitles Frost to a hearing by the commission regarding his removal. To the contrary, Section 9.01, for which Frost does not account, generally limits appeal rights afforded by Section 9.03 to tenured employees in the classified service, and Section 7.04 provides, in essence, that an employee is not tenured until his appointment becomes final at the end of a probationary period. Frost was removed prior to being permanently appointed. Thus, we conclude that the recourse available to tenured employees in the classified service of Canfield is not available to him.

Alternatively, Frost argues that the collective bargaining agreement between the city and the police incorporates the rules' appeal procedures, but not any limitations they may impose, and therefore, that the agreement's provisions allowing "any employee" to appeal must be applied under R.C. 4117.10. He cites Section 3, Article IX of the agreement, which states, in part:

"The discipline, demotion, suspension or discharge of any employee shall not be subject to the grievance procedure set forth in * * * this Agreement. *Any employee* who is disciplined, demoted, suspended or discharged may file an appeal of such action, in writing, with the Civil Service Com-

mission of the City of Canfield within ten days following the receipt of notice of any such order of discipline, demotion, suspension or discharge, all pursuant to the Rules and Regulations of the Civil Service Commission of the municipality of Canfield, Ohio." (Emphasis added.)

R.C. 4117.10 would require the agreement's application if the agreement's appeal provisions conflicted with R.C. 124.27 or the rules. See *State, ex rel. Rollins, v. Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St. 3d 123, 532 N.E. 2d 1289, paragraph one of the syllabus. Here, however, no conflict exists. As mentioned, the agreement states in Section 3, Article IX that appeals by discharged employees are to be made pursuant to the commission's rules and regulations, which means that the agreement is to be read in harmony with the rules, and that it cannot be construed to give appeal rights beyond those for which the rules provide. We have said that the rules do not afford appeal rights to probationary employees. Thus, the agreement, like the rules, does not conflict with R.C. 124.27 by allowing a probationary appeal in this situation.

Frost's last argument is that the writ of prohibition was improperly allowed because the commission's authority to consider his appeal is at least debatable and Canfield has an adequate remedy by way of an appeal to correct any erroneous assumption of jurisdiction. He relies on *State, ex rel. Atha,* v. *Ganson* (App. 1934), 18 Ohio Law Abs. 338, in which a writ of pro-

hibition restraining a municipal civil service commission from hearing an appeal was denied for these reasons.

*Ganson,* however, is distinguishable from this case. *Ganson* involved a genuine dispute over whether an individual was in the city's classified service, which made the civil service commission's jurisdiction over the individual's appeal a possibility. In contrast, Frost does not claim that he was in Canfield's classified service when he was removed. Thus, here, the possibility of jurisdiction is not present.

Based on the foregoing, we hold that the writ of prohibition was properly granted by the court of appeals, but that the court should have applied the commission's rules to resolve this case, not R.C. 124.27. Accordingly, while we disagree with the appellate court's reasoning, we nevertheless concur in its result. The judgment of the appellate court is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent. The appellee has an adequate remedy at law by way of appeal and thus prohibition in this case is not proper. Further, a civil service commission has a right to interpret its own rules. In this case, those rules accord appellant a right of appeal. Therefore, again, prohibition should not lie.