SNIDER, APPELLANT, *v.* CITY OF MARTINS FERRY, APPELLEE.

[Cite as Snider v. Martins Ferry (1970),
22 Ohio App. 2d 195.]

(No. 1076—Decided June 18, 1970.)

*Mr. Hugo Alexander,* for appellant.

*Mr. Karl W. Sommer, Jr.,* and *Mr. Gordon T. Kinder,* for appellee.

LYNCH, P. J. This is an appeal from a judgment of the Common Pleas Court that plaintiff, appellant herein, is not entitled to any salary while he was under suspension as a patrolman with defendant, city of Martins Ferry, appellee herein.

Plaintiff was suspended by defendant's Chief of Police on June 17, 1965, for possible implication in a burglary of a gasoline station in the city of Martins Ferry. Plain-

tiff was subsequently indicted and convicted for this burglary, but this court reversed the conviction and ordered a new trial. The second trial resulted in an acquittal of plaintiff, and plaintiff was restored to his position as patrolman on May 1, 1967. Plaintiff's claim for back salary during this suspension amounts to $9,057.50.

The question in this case is whether the applicable statutes concerning the suspension of a policeman employed by a municipality were complied with by defendant.

R. C. 737.12 is the specific statute on the suspension of a policeman, and we agree with the trial court that R. C. 737.12 is applicable to this case. See *Zimmerman* v. *Cleveland*, 101 Ohio App. 177; *Sullivan* v. *Civil Service Commission*, 102 Ohio App. 269.

We further agree with the trial court that defendant complied with the procedure requirements of R. C. 737.12. Defendant's Chief of Police verbally suspended plaintiff on June 17, 1965. On the same day the Chief of Police wrote a letter to the Director of Public Safety informing him of the suspension of plaintiff because of plaintiff's possible implication in a burglary of a gasoline station. A copy of this letter was received by plaintiff through the mail. Defendant's Director of Public Safety did inquire into the cause of plaintiff's suspension and, on June 19, 1965, addressed a letter to defendant's Civil Service Commission in which he approved the suspension of plaintiff for an indefinite period of time on the basis of the letter of the Chief of Police. R. C. 737.12 makes no provision as to notifying a suspended policeman of the action of either the Chief of Police or the Director of Public Safety. Defendant's Director of Public Safety did not send written notice of his judgment to plaintiff.

The issue in this case is the extent to which R. C. 143.27 is also applicable to this case. R. C. 143.27 is a general statute applicable to the suspension of all civil service employees, including those in all cities in Ohio. At the time plaintiff was suspended, R. C. 143.27 provided, in part, as follows:

"In any case of * * * suspension of more than five

working days, * * * the appointing authority shall furnish such employee with a copy of the order of * * * suspension, * * * which order shall state the reasons therefor. Such order shall be filed with * * * the commission * * *.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with * * * the commission. In the event such an appeal is filed, the * * * commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the * * * commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"* * *

"In the case of suspension, * * * of * * * any member of the police * * * department of a city, an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas in the county in which such city is situated. Such appeal shall be taken within ten days from the finding of the commission." 129 Ohio Laws 1332.

It is clear that the last paragraph of R. C. 143.27 is applicable to this case, but one of the issues in this case is whether the first two paragraphs of R. C. 143.27, as set forth above, are applicable to this case. It is apparent that this issue raised some serious questions throughout the state, because the Legislature amended the last paragraph of R. C. 143.27, effective September 13, 1965, to read as follows:

"In the case of the suspension for any period of time * * * [of] any member of the police * * * department of a city, the appointing authority shall furnish such * * * member of a department with a copy of the order of suspension, * * * which order shall state the reasons therefor. Such order shall be filed with the municipal civil service commission. Within ten days following the filing of such order such * * * member of a department may file an appeal, in writing, with the municipal civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall

hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas in the county in which such city is situated. Such appeal shall be taken within thirty days from the finding of the commission." 131 Ohio Laws 128 and 129.

Thus, under the present law the Director of Public Safety is required to furnish a suspended policeman with a copy of the order of suspension with the reasons for such suspension.

Defendant contends that the provision of R. C. 143.27 in effect at the time of plaintiff's suspension concerning the appointing authority furnishing a suspended employee with a copy of the order of suspension with the reasons for such suspension is applicable to this case, that the failure of defendant to comply with this provision prevented plaintiff from filing an appeal either to defendant's Civil Service Commission or to the Court of Common Pleas, and that, therefore, the suspension of plaintiff by defendant was unlawful.

We hold that, regardless of what part of R. C. 143.27 is applicable as to notice to plaintiff, it is clear that he was entitled to appeal to the Common Pleas Court, and the constitutional requirements of the due process clause entitled plaintiff to notice of the judgment of defendant's Director of Public Safety so that he could perfect an appeal to the defendant's Civil Service Commission.

From that premise, defendant's contention that the provision of R C. 143.27, that the appointing authority shall furnish a suspended employee with a copy of the order of suspension with the reasons of such suspension is applicable, seems to be a logical conclusion, and it would be for lawyers. However, it does not necessarily follow that nonlawyers would arrive at the same conclusion. At least the Legislature apparently felt that there was sufficient question in this issue to clarify it by amending R. C. 143.27 to specifically cover the issue.

We conclude, after reviewing the record of this case, that there was nothing unreasonable, capricious or arbitrary in the suspension of plaintiff by defendant. We are inclined to feel that defendant's Director of Public Safety should have notified plaintiff of his judgment to approve plaintiff's suspension by defendant's Chief of Police, but we do not agree with defendant's contention that the failure of defendant's Director of Public Safety to send such notice to plaintiff made the suspension of plaintiff by defendant unlawful.

We hold that the suspension of a policeman is governed by R. C. 737.12, that a chief of police has the exclusive right to suspend a policeman, and that a chief of police has the exclusive right to specify the reasons for such suspension. *Zimmerman* v. *Cleveland,* 101 Ohio App. 177.

We have reviewed the record of this case, and we find that defendant's Chief of Police had reasonable and just cause to suspend plaintiff as patrolman. See *Ecker* v. *Cincinnati,* 52 Ohio App. 422. Therefore, we hold that plaintiff was lawfully and properly suspended by defendant. What surprises us is not that plaintiff was suspended, but that he was rehired after his suspension. At the present time our state and nation are undergoing a crisis concerning observance of law and order, and it is generally agreed that part of the difficulty is a lack of public respect for law enforcement officials. In our opinion, the retention as a law enforcement officer of a person against whom there is strong evidence of violating a felony statute of this state is not in the public interest.

We hold that whatever applicability R. C. 143.27 has to this case, it pertains to the review or appeal of the suspension of plaintiff.

It is clear that plaintiff has an ultimate right to an appeal to the Common Pleas Court of his suspension, under R. C. 143.27. There is some confusion as to the intermediate administrative steps and as to whether plaintiff exhausted his administrative remedies in this case or whether he is barred from recovery of back wages because of laches.

However, giving plaintiff the benefit of all doubts and overlooking all procedural technicalities, we conclude that

the only right of plaintiff affected by the fact that defendant's Director of Public Safety did not notify him of his judgment to approve plaintiff's suspension by defendant's Chief of Police was plaintiff's right to appeal to the Common Pleas Court to challenge the validity of his suspension. We feel that this defect in the review of plaintiff's suspension was corrected by the hearing in the Common Pleas Court.

When defendant attempted to introduce evidence of the grounds for which plaintiff was suspended, plaintiff objected. The trial court permitted defendant to introduce such evidence, and plaintiff's first assignment of error claims that the trial court committed error by admitting incompetent evidence. However, plaintiff cites no authority for this contention. We hold that the requirements of due process operate like a two-way street. Plaintiff is entitled to show that his suspension was unlawful or illegal in the trial court hearing, and defendant is equally entitled to show that plaintiff's suspension was lawful and proper. We hold that the trial court properly permitted defendant to introduce evidence as to the grounds for suspending plaintiff; therefore, we find plaintiff's first assignment of error without merit.

Since we have found that plaintiff was lawfully and properly suspended by defendant pursuant to R. C. 737.12, we further hold that plaintiff was not entitled to any salary during the period of such suspension. *State, ex rel. Gordon,* v. *Barthalow,* 150 Ohio St. 499; *Steubenville* v. *Culp,* 38 Ohio St. 18; *Ecker* v. *Cincinnati,* 52 Ohio App. 422.

*Judgment affirmed.*

O'NEILL and JOHNSON, JJ., concur.