DORF, APPELLEE, *v.*
SYLVANIA TOWNSHIP BOARD OF
TRUSTEES, APPELLANT.

(No. L-80-310—Decided June 26, 1981.)

*Ms. B. Janelle Butler,* for appellee.
*Mr. James A. Climer* and *Mr. Willis P. Jones, Jr.,* for appellant.

POTTER, J. This is an appeal from a judgment in favor of appellee given pursuant to R.C. Chapter 2506. The assignments of error are as follows:

"I. The Common Pleas Court Erred When It Found That Mr. Dorf Had A Statutory Right To Notice And A Hearing In This Case.

"II. The Common Pleas Court Erred When It Found That Mr. Dorf Possessed A Constitutional Right To Notice And A Hearing In This Case.

"III. The Common Pleas Court Committed Prejudicial Error By Incorrectly Assigning The Burden Of Proof And Burden Of Going Forward With Evidence At Trial.

"IV. The Common Pleas Court Erred In Finding That The Board's Decision Was In Retaliation For Mr. Dorf's Exercise Of A Constitutionally Protected Right.

"V. The Common Pleas Court Erred By Not Conducting A Further Hearing In Assessment Of Damages."

We affirm the judgment for the reasons hereinafter stated but remand for determination of the amount of damages.

The trial court has summarized the facts which led to the appeal to that court. They are, in pertinent part, as follows:

"The plaintiff-appellant was employed by Sylvania Township as a full-

time township fireman on July 7, 1978. On November 8, 1979, the Sylvania Board of Township Trustees, acting on the recommendation of the Sylvania Township Fire Chief, David A. Drake, terminated plaintiff-appellant's employment with the fire department. The professed reason for Mr. Dorf's discharge was that Dorf was unable to perform his duties as a township fireman due to an off-duty injury which the plaintiff-appellant suffered sometime during July, 1979. The Board admits that it did not afford Mr. Dorf a hearing to determine the sufficiency of the cause for his discharge.

"The manner in which Mr. Dorf's discharge was accomplished merits some attention. Although the Board did not officially terminate plaintiff-appellant's employment until November 8, 1979, the evidence adduced at the hearing before the Court shows that on November 7, 1979, Mr. Dorf learned that he would be fired from a fellow firefighter. On the following day, Mr. Dorf attempted to meet with Fire Chief Drake at the Sylvania Township Hall to discuss the matter. Drake, although present at the Township Hall, was unavailable because he was attending the regularly scheduled meeting of the Township Board of Trustees.

"The Board and Fire Chief Drake were informed of plaintiff-appellant's presence and his desire to speak with the Fire Chief. The Board and Drake refused to meet with Dorf and instead adjourned the regular meeting of the Board and went into a secret executive session to discuss the question of Dorf's status as a township firefighter. This executive session lasted thirteen (13) minutes after which the regular meeting was reconvened.

"Fire Chief Drake then recommended to the Board that Dorf be discharged due to the aforementioned off-duty injury. The Fire Chief (*sic*) recommendation was based on the legal advice which he had received from the township solicitor and the Lucas County, Ohio Prosecutor's Office. In his testimony before this Court, Drake conceded that he had neither sought nor obtained from plaintiff-appellant any medical reports concerning Dorf's injury before he made his recommendation, but rather, had relied on unverified information which he had received from third parties.

"Township Trustee Lucille Laskey then moved to discharge Dorf from the roster of the township firefighters. This motion was seconded by Trustee Deane Allen and approved unanimously by the Board, effective immediately. Subsequently, Mr. Dorf filed his notice of appeal from the Board's decision."

The trial court in the R.C. Chapter 2506 appeal ordered the board of trustees to go forward with the evidence and assigned to it the burden of proof. After evidence was submitted, the court ordered the board to reinstate Mr. Dorf to his former position as a township firefighter and gave Mr. Dorf an unliquidated money judgment at six percent interest equal to the wages he had lost due to his illegal discharge.

The Board of Trustees of Sylvania Township maintains that under the applicable law, when a Sylvania Township firefighter is physically incapable of performing his job, he may be unilaterally dismissed without the board incurring liability. Appellant relies on the common law right to sever an employer-employee relationship at will. Appellant also maintains that Mr. Dorf had no constitutionally protected property interest in his position; therefore, he had no right, for this reason, to notice and a hearing on the issue of his disability.

Mr. Dorf maintains that the legislature has passed certain laws which entitle him to notice and a hearing before the board may terminate his contract and that he has a protected property interest in his public employment.

To understand the contested claims of the parties we must first consider the

statutes in question. They are R.C. 505.38(A), 733.35 and 733.36. R.C. 505.38, in pertinent part, provides as follows:

"(A) In each township or fire district which has a fire department, the head of such department shall be a fire chief, appointed by the board of township trustees, except that in a joint fire district the fire chief shall be appointed by the board of fire district trustees. The board shall provide for the employment of such fire fighters as it considers best, and shall fix their compensation. No person shall be appointed as a permanent full-time paid member, whose duties include fire fighting, of the fire department of any township or fire district unless such person has received a certificate issued by the state board of education under section 3303.07 of the Revised Code evidencing his satisfactory completion of a fire fighter training program. *Such appointees shall continue in office until removed therefrom as provided by sections 733.35 to 733.39 of the Revised Code.* To initiate removal proceedings, and for such purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with sections 733.35 to 733.39 of the Revised Code." (Emphasis added.)

R.C. 733.35 provides as follows:

"The mayor of a municipal corporation shall have general supervision over each department and the officers provided for in Title VII of the Revised Code. When the mayor has reason to believe that the head of a department or such officer has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness, he shall immediately file with the legislative authority, except when the removal of such head of department or officer is otherwise provided for, written charges against such person, setting forth in detail a statement of such alleged guilt, and, at the time, or as soon thereafter as possible, serve a true copy of such charges upon the person against whom they are made. Such service may be made on the person or by leaving a copy of the charges at the office of such person. Return thereof shall be made to the legislative authority, as is provided for the return of the service of summons in a civil action."

R.C. 733.36 provides as follows:

"Charges filed with the legislative authority under section 733.35 of the Revised Code, shall be heard at the next regular meeting thereof, unless the legislative authority extends the time for the hearing, which shall be done only on the application of the accused. The accused may appear in person and by counsel, examine all witnesses, and answer all charges against him. The judgment or action of the legislative authority shall be final, but to remove such officer the votes of two thirds of all members elected thereto shall be required."

Appellant maintains that the foregoing statutes do not apply, inasmuch as Mr. Dorf was not charged with any of the proscribed acts set forth in R.C. 733.35.

Appellee and the trial court found it to be incongruous that if Mr. Dorf had been charged with any of the proscribed acts he would have had the full protection of the law, but, because he was dismissed for physical disability, he had no right to notice or a hearing.

While we agree with the appellant that R.C. 733.35 and 733.36 do not mention physical disability as a cause for removal; nevertheless, the clear inference from R.C. 505.38(A) is that a firefighter, "shall continue in office until removed therefrom as provided by sections 733.35 to 733.39."

Interpreting the statute, we find that a firefighter has a protected right of tenure in his position unless he is removed for cause and after a due process hearing.

While physical disability is not one of those causes listed, the statute provides

that the firefighter has tenure, the expectation of continued employment, and, therefore, a constitutionally protected property interest in his job. Cf. *Dorian* v. *Bd. of Edn.* (1980), 62 Ohio St. 2d 182 [16 O.O.3d 208]. In a detailed and excellent opinion rendered in the appeal below, Judge Franklin reviewed many of the cases which have commented on this protected property interest. We quote, with approval, the following from that opinion:

"The initial question before the Court is whether plaintiff-appellant was entitled to the rudimentary elements of due process, notice and a hearing, prior to the Board's decision to terminate his employ as a township firefighter. The resolution of this question turns on whether the plaintiff-appellant's employment status is a property interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See *Bishop* v. *Wood,* 426 U.S. 341, 96 S. Ct. 2074 (1976).

"The Fourteenth Amendment provides, in relevant part, that:

" '[N]or shall any State deprive any person of life, liberty, or property, without due process of law * * *.'

"Whether public employment constitutes a protected property interest under the Fourteenth Amendment depends on the sufficiency of the claim to entitlement to continued public employment. This necessarily entails a consideration of state law, because, as the Supreme Court has held,

" 'Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'

"*Board of Regents* v. *Roth,* 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). See, also, *Perry* v. *Sindermann,* 408 U.S. 593, 601, 92 S. Ct. 2694, 2699 (1972).

"In *Bishop* v. *Wood, supra,* the Supreme Court outlined the proper analytical scheme for evaluating due process claims arising out of public employment:

" 'A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law * * *. Whether such a guarantee [of entitlement to continued employment] has been given can be determined only by an examination of the particular statute or ordinance in question.'

"*Bishop, supra,* 426 U.S. at 344-345, 96 S. Ct. at 2077 (footnotes omitted)."

Although we find that a firefighter can be removed for reason of physical disability and need not permanently be carried on the rolls, this decision cannot be made unilaterally. Mr. Dorf had a protected right and this right could not be terminated without notice and a hearing, or, as stated in Judge Franklin's opinion, without the fundamental guarantees of due process. When these were violated, Mr. Dorf had a right of appeal under R.C. 2506.01, which, in pertinent part, states as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code."

We come now to consider the individual assignments of error. We find assignment of error No. I well taken but not dispositive. We find assignment of error No. II not well taken and dispositive in that Mr. Dorf possessed a constitutional right to notice and a hearing. We find assignment of error No. III not well taken

in that the board should have provided a hearing wherein it would have had the burden of proof and the burden to go forward. See, also, R.C. 2506.03. From the record we find assignment of error No. IV well taken but not dispositive. As to assignment of error No. V, we find that the court did not determine a monetary amount due Mr. Dorf. The parties have not argued in this court that there was no final order. We do not, therefore, consider this issue. We also find that the duty to mitigate was not presented to the trial court. To this limited extent, this assignment of error is well taken.

The judgment of the Court of Common Pleas of Lucas County ordering Martin Dorf reinstated is affirmed, however, finding under assignment of error No. V no liquidated monetary damages assessed, we remand this cause to the trial court for such determination.

*Judgment accordingly.*

Douglas and Wiley, JJ., concur.

Wiley, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.