DOUGHERTY, APPELLEE, *v.* TORRENCE, APPELLANT.

[Cite as Dougherty *v.* Torrence (1982), 2 Ohio St. 3d 69.]

(No. 81-1910—Decided December 22, 1982.)

Mr. *Wendall Sullivan* and Mr. *John P. Scahill,* for appellee.

*Gustin & Lawrence Co., L.P.A.,* Mr. *James W. Gustin,* Mr. *Christopher J. Mehling* and Mr. *Kevin Jones,* for appellant.

KRUPANSKY, J. The issue presented for review by the court of appeals is whether a volunteer fire fighter qualifies for immunity under R.C. 701.02.

R.C. 701.02 provides in relevant part:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"* * *

"(B) Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm.

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function."

This statute uses only the general terms, "firemen" and "members of the fire department." It does not differentiate in any way between volunteer fire fighters and other types of fire fighters, and it does not specifically exclude any particular type of fire fighter. The language of the statute, therefore, indicates that volunteers were intended to benefit from the protection granted by the statute.

When the wording of a statute is clear and unambiguous on its face, judicial interpretation is not required; rather, the court must give effect to the words used. "In ascertaining the legislative intent of a statute, 'It is the duty of this court to give effect to the *words used* [in a statute], not to delete words used *or to insert words not used.'* " (Citations omitted.) *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1].

By holding volunteer fire fighters are outside the scope of R.C. 701.02, the court of appeals went beyond the plain language of the statute and injected a meaning which is not apparent from the words used in the statute. In so doing, the court of appeals reasoned as follows: Since numerous other sections of the Revised Code distinguish between volunteer and other fire

fighters for various other purposes, "a clear delineation between firemen and volunteer firemen exists"; the absence of the term "volunteer firemen" from the language of R.C. 701.02 evidences "a legislative intent not to include volunteer firemen within the grant of immunity provided by the statute." We cannot subscribe to this line of reasoning.

Although some sections of the Revised Code classify fire fighters as volunteer or paid, part-time or full-time and temporary or permanent,[1] other sections of the code, including R.C. 701.02, merely use the generic terms "firemen" and "members of the fire department."[2] Apparently, the General Assembly uses the particular classifications when it seeks to differentiate among the various categories of fire fighters and the general terms when differentiation is not desired. The word "firemen" would, therefore, include volunteer as well as paid fire fighters, unless otherwise specified.

Appellee contends that even if appellant were not precluded from immunity by virtue of his status as a volunteer, a fireman driving a personal vehicle to the firehouse may not claim immunity because (1) the private vehicle of a fireman is not fire-fighting equipment, and (2) driving to a fire station in a private vehicle does not qualify as the performance of a governmental function within the meaning of R.C. 701.02.

These issues were raised by appellee in his assignments of error and brief filed in the court of appeals. The court of appeals, however, failed to address all assignments of error as required by App. R. 12(A), which provides in relevant part:

"* * * All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."

Inasmuch as the court of appeals did not rule on all errors assigned, the cause is remanded. *State* v. *Jennings* (1982), 69 Ohio St. 2d 389 [23 O.O.3d 354].

The judgment of the court of appeals is, therefore, reversed insofar as it held volunteer fire fighters are not qualified for the immunity granted pursuant to R.C. 701.02, and the cause is remanded to the court of appeals for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

[1] See, *e.g.,* R.C. 737.22, regarding training and physical requirements; R.C. 737.26, regarding exemption from jury duty for volunteer firemen; and R.C. 505.41, regarding workers' compensation insurance for members of volunteer fire companies and part-time employees.

[2] See, *e.g.,* R.C. 737.21, regarding hours of labor for members of the fire department; R.C. 737.23, regarding schools of instruction for firemen; and R.C. 737.09, regarding stationing and transferring of firemen.

CELEBREZZE, C.J., concurring. Although I concur in this court's construction of R.C. 701.02, the majority opinion fails to mention *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, recently decided by this court. In *Haverlack,* sovereign immunity for a municipal corporation, unless provided by statute, was abolished. Consequently, the liability of a municipal corporation, absent a statute, now depends on the merits instead of the often difficult and inconsistent classification of municipal functions as governmental or proprietary to determine liability.

In this case, a statute does provide immunity for firemen engaged in the operation of a motor vehicle in the performance of a governmental function. Because there is a statute providing immunity, this decision is consistent with *Haverlack.* However, it is important to emphasize that today's decision merely gives volunteer fire fighters the possible defense of immunity when their actions meet the statutory requirements. Consequently, it is yet to be determined, when this cause is remanded, whether the fire fighter's action in driving a private vehicle to a fire station qualifies for the statutory immunity provided in R.C. 701.02.

W. BROWN and C. BROWN, JJ., concur in the foregoing concurring opinion.