JAEGER ET AL., APPELLANTS, *v.* WRACKER ET AL., APPELLEES.

(No. 3479—Decided October 5, 1983.)

Mr. *George H. Ferguson,* for appellants.

Mr. *David A. Myers,* for appellees.

QUILLIN, P.J. Plaintiffs, Robert C. Jaeger, Chester Carpenter, and the Eaton Firemen's Association, Inc., appeal from the summary judgment rendered by the trial court in favor of the defendants, Board of Township Trustees of Eaton Township and the individual township trustees, Donald Wracker, Donald Reed and Thomas Guy. We reverse.

### Facts

The facts are not in dispute. On September 7, 1982, the Board of Trustees of Eaton Township passed a resolution terminating Robert Jaeger's appointment as a volunteer township fire fighter. The board's action was not preceded by formal charges, investigation, or hearing.

An amended complaint for declaratory judgment was thereafter filed in the Lorain County Court of Common Pleas by Jaeger, Chester Carpenter (the Eaton Township Fire Chief), and the Eaton Firemen's Association, Inc., against the board and the three individual township trustees, Donald Wracker, Donald Reed, and Thomas Guy. Plaintiffs' amended complaint stated two separate counts: the first for declaratory judgment, and the second for damages arising from a violation of Jaeger's civil rights under Section 1983, Title 42, U.S. Code.

The trial court granted summary judgment to the defendants on the second count on December 16, 1982, finding no violation of Jaeger's civil rights. On February 11, 1983, the court granted summary judgment to the defendants on the first count, finding that a volunteer fireman may be summarily removed by the board of township trustees without a violation of state or federal due process rights.

Plaintiffs now appeal.

### Assignments of Error 1, 2 and 3

"1. The summary judgment is contrary to law.

"2. The trial court erred in ruling that Section[s] 505.38(A) and 733.35 to 733.39 of the Ohio Revised Code only apply to 'permanent full-time paid members' of a township fire department.

"3. The trial court erred in ruling that volunteer firemen may be summarily removed by the board of township trustees."

Plaintiffs' first three assignments of error present the same question and will be treated together. The question is whether the removal provisions of R.C. 505.38(A) apply only to "permanent full-time paid" fire fighters, or to volunteer firemen as well. The answer depends upon the interpretation of the first three paragraphs of the statute. It is the trustees' position that the words "such appointees" contained in the first paragraph, refer only to "permanent full-time paid" employees of a fire department, and that volunteer fire fighters may be terminated without cause and without a hearing at the trustees' discretion. The plaintiffs contend that the words "such appointees" mean all appointed fire fighters, a class which includes volunteers.

R.C. 505.38(A) provides in relevant part:

"In each township or fire district which has a fire department, the head of such department shall be a fire chief, appointed by the board of township trustees, except that in a joint fire district the fire chief shall be appointed by the board of fire district trustees. The board shall provide for the employment of such fire fighters as it considers best, and shall fix their compensation. No person shall be appointed as a permanent full-time paid member, whose duties include fire fighting, of the fire department of any township or fire district unless such person has received a certificate issued by the state board of education under section 3303.07 of the Revised Code evidencing his satisfactory completion of . a fire fighter training program. *Such appointees shall continue in office until removed therefrom as provided by sections 733.35 to 733.39 of the Revised Code.* To initiate removal proceedings, and for such purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with sections 733.35 to 733.39 of the Revised Code.

"*In case of the removal of a fire chief or any member of the fire department* of a township or district, an appeal may be had from the decision of the board to the court of common pleas of the county in which such township or district fire department is situated, to determine the sufficiency of the cause of removal. Such appeal from the findings of the board shall be taken within ten days.

"No person who is appointed as a volunteer fire fighter of the fire department of any township or fire district after July 1, 1979, shall remain in such a position unless within one year of his appointment he has received a certificate issued by the state board of education under section 3303.07 of the Revised Code evidencing his satisfactory completion of a fire fighter training program." (Emphasis added.)

Upon consideration of this section, we conclude that the removal provisions set forth therein are applicable not only to permanent full-time paid members of the fire department, but also to volunteer firemen. In the recent case of *Dougherty v. Torrence* (1982), 2 Ohio St. 3d 69, our Supreme Court stated, at 71, that:

"Although some sections of the Revised Code classify fire fighters as volunteer or paid, part-time or full-time and temporary or permanent, other sections of the code, including R.C. 701.02, merely use the generic terms 'firemen' and 'members of the fire department.' Apparently, the General Assembly uses the particular classifications when it seeks to differentiate among the various categories of fire fighters and the general terms when differentiation is not desired. The word 'firemen' would, therefore, include volunteer as well as paid fire fighters, unless otherwise specified."

Our conclusion is primarily based on the language contained in the section's

second paragraph wherein it is stated that "any member of the fire department" may appeal to the court of common pleas for a determination of the sufficiency of the cause for his removal. Certainly, volunteers are members of the fire department. R.C. 505.22(C) states that:

" 'Volunteer firemen' means all members in good standing of the volunteer fire department * * *." See, also, R.C. 505.41.

Moreover, the legislature's use of the term "member," instead of a more specific reference, leads us to conclude that the General Assembly intended to include volunteer as well as paid fire fighters in the term "members." If, as argued, cause were not required to remove a volunteer, the statutory procedure for an appeal from such a removal would be a pointless exercise. We are unwilling to render the clear language of the second paragraph, giving all "members" an appeal to determine the sufficiency of the cause for their removal, meaningless and ineffective. As the court stated in *Dougherty, supra,* at 70:

"This statute uses only the general terms, 'firemen' and 'members of the fire department.' It does not differentiate in any way between volunteer fire fighters and other types of fire fighters, and it does not specifically exclude any particular type of fire fighter. The language of the statute, therefore, indicates that volunteers were intended to benefit from the protection granted by the statute.

"When the wording of a statute is clear and unambiguous on its face, judicial interpretation is not required; rather, the court must give effect to the words used. 'In ascertaining the legislative intent of a statute, "It is the duty of this court to give effect to the words used [in a statute], not to delete words used *or to insert words not used.*" ' (Citations omitted.) *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O. 3d 1]."

We are therefore persuaded that the words "such appointees" found in paragraph one of R.C. 505.38(A) must include all fire fighters, including volunteers. Indeed, volunteer firemen are appointed by the trustees in the same manner as paid firemen. Both volunteer and paid firemen are considered "employed," and both have their compensation fixed by the board of trustees. Furthermore, in light of the other provisions of the Revised Code extending benefits to volunteer firemen, we can discern no valid reason to interpret R.C. 505.38(A) as impliedly excluding volunteers from its protections.

Accordingly, we find that a duly appointed volunteer fire fighter may not be dismissed or removed from his position as a fire fighter without compliance with the statutory procedures found in R.C. 733.35 through 733.39. The summary judgment was, therefore, improperly granted to defendants.

Assignments of Error 4 and 5

"4. The trial court erred in ruling that the summary removal of volunteer firemen without notice of hearing does not violate either federal or state due process of law rights.

"5. The trial court erred in ruling that the arbitrary and summary removal of Robert C. Jaeger, a volunteer fireman, by the Eaton Township Trustees, without cause, without notice or hearing and without following the statutory procedures set forth in Sections 505.38 and 733.35 to 733.39 of the Ohio Revised Code, was not a violation of plaintiff Robert C. Jaeger's civil rights, under 42 U.S.C. 1983."

In *Dorf* v. *Sylvania Twp. Bd. of Trustees* (1981), 2 Ohio App. 3d 196, at 198, the court stated that:

" "* * * [T]he clear inference from R.C. 505.38(A) is that a firefighter, 'shall continue in office until removed therefrom as provided by sections 733.35 to 733.39.'

"Interpreting the statute, we find that a firefighter has a protected right of tenure in his position unless he is removed

for cause and after a due process hearing."

The court in *Dorf, supra,* held that by virtue of the right of tenure and resultant expectancy of continued employment conferred by R.C. 505.38(A), a fireman has a constitutionally protected property interest in his employment. We agree. Where state law gives an employee the right to continued employment absent good cause for discharge, a legitimate property interest in that employment is created, and the holder of that interest must be given procedural due process before he may be deprived of that interest. See, *e.g., Bishop* v. *Wood* (1976), 426 U.S. 341; *Arnett* v. *Kennedy* (1974), 416 U.S. 134; *Bd. of Regents* v. *Roth* (1972), 408 U.S. 564; *Dorian* v. *Bd. of Edn.* (1980), 62 Ohio.St. 2d 182 [16 O.O.3d 208]; and *Jackson* v. *Kurtz* (1979), 65 Ohio App. 2d 152 [19 O.O.3d 105].

Accordingly, we find that plaintiffs' complaint sets forth a valid claim for relief under Section 1983, Title 42, U.S. Code, which provides in part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * *, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress. * * *"

A deprivation of a protected property right without due process falls within this section. Defendants were not entitled to judgment as a matter of law. Summary judgment should not have been granted.

### Conclusion

In sum, we conclude that plaintiff, Robert Jaeger, could only be removed from his position as an appointed volunteer fire fighter in accordance with the removal provisions of R.C. 505.38(A). Thus, plaintiff could only be removed for cause and after notice and hearing. See R.C. 733.35 to 733.39. The trustees' failure to follow the statutory procedures for removal deprived plaintiff of a protected property right without due process of law. Such a denial of plaintiff's due process rights is cognizable under Section 1983, Title 42, U.S. Code. *Jackson* v. *Kurtz, supra.*

For the foregoing reasons, each of the assignments of error is sustained. The summary judgments rendered below are reversed and this cause is remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

BAIRD and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.