SCHROEDER ET AL., APPELLANTS, *v.*
MOORE ET AL., APPELLEES.

(No. 1-83-23—Decided April 13, 1984.)

*Messrs. Leopold, Leopold & Wildenhaus* and *Mr. William J. Wildenhaus,* for appellants.

*Messrs. Meredith, Meredith, Tait & Basinger* and *Mr. James E. Meredith,* for appellees.

COLE, J. This is an appeal from a judgment of the Court of Common Pleas of Allen County wherein that court determined that a defendant volunteer fireman, member of a private fire company, and the private fire company itself were immune from liability for damages caused when the firman, en route to a fire call and driving a personal vehicle, struck and allegedly injured the plaintiffs, Edward Schroeder and Lloyd C. Collar. The collision occurred on September 22, 1980, prior to the effective date of the present R.C. 9.60. Both plaintiffs and defendants basically rely upon the then existing code sections and no issue is raised as to the minor variations created by the statutory change.

The plaintiffs now appeal asserting that the judgment of the trial court based upon the foregoing determination is contrary to law.

We first note that the question as to sovereign immunity of governmental subdivisions has been largely determined by recent decisions of the Ohio Supreme Court. Although no specific decision deals with townships, the cases have concerned municipalities, boards of county commissioners, and park districts. No. logical difference appears to exist between the law as applied to these agencies and the law to be here applied to townships. The ultimate conclusion of the Supreme Court is set forth in the second paragraph of the syllabus of *Enghauser Mfg. Company* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31:

"Under this decision abolishing municipal immunity, no tort action will lie against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, municipalities will be held liable, the same as private corporations and persons, for the negligence of their employees and agents in the performance of the activities."

See, also, *O'Brien* v. *Egelhoff* (1984), 9 Ohio St. 3d 209 (municipalities); *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204 (counties); and *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26.

It is, however, emphasized that immunity may still be expressly created by statute. In the *Zents* case, *supra,* at 207, the opinion states:

"* * * Additionally, a county will not be subject to liability where a statute provides immunity."

This being the case, we may state that in the present situation no policy-making area is involved and there exists no immunity to either the individual fireman or to the private fire company unless there be specific statutory immunity granted to them by legislative action.

The specific question, then, here presented, is whether the grant of immunity set forth in R.C. 701.02 is here operative. The pertinent portion of this section reads:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"(A) Members of the police department engaged in the operation of a motor vehicle while responding to an emergency call;

"(B) Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm.

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function.

"Policemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle while responding to an emergency call."

We have before us a two-fold problem concerning specific statutory immunity, one problem concerning the private fire company, the other concerning the individual fireman. We will discuss these separately.

## I

### The Private Fire Company

The stipulated facts show that the Elida Community Fire Company, Inc., was a non-profit corporation organized for the purpose of providing "an efficient, effective organization for fire fighting to operate in the vicinity of Elida, which is located in Allen County, American Township, Ohio."

American Township in Allen County is adjacent to Sugar Creek Township to the north and Amanda Township to the south and west and Marion Township to the northwest. Elida is a village which is near portions of all four townships. The private fire company at various times entered into contracts with the trustees of each township to furnish fire protection to the township. No joint activity by the four townships was involved.

R.C. 701.02, *supra,* has no application to townships by its own terms and none to private fire companies. It is stipulated that there was no contract between the village of Elida (the sole municipal corporation) and the fire company. There are, however, other sections of the Revised Code which seek to apply the provisions of this section to townships and the ultimate question here presented, then, is whether these sections succeed in creating, for private fire companies employed by townships, a specific grant of immunity, and, if so, under what conditions may that immunity be applied?

R.C. 505.42 reads as follows:

"Section 701.02 of the Revised Code, so far as it applies to the operation of fire-fighting equipment by municipal corporations, shall apply to such equipment operated by a township or a municipal corporation, or by any combination of townships and municipal corporations, as provided by sections 505.37 to 505.44, inclusive, of the Revised Code, when such operation is within the boundaries of the political subdivisions covered by any contract or agreement authorized by section 505.37 or 505.44 of the Revised Code."

This applies only to the operation of *fire-fighting equipment* operated by a township and here no "fire-fighting"

equipment was involved. The individual defendant was operating a 1971 Chevrolet truck (complainant's answer) and there is no allegation or stipulation this was "fire-fighting" equipment, but only that in driving the truck was he en route to a fire call. Even though there be applied an agency theory relating the private fire corporation to the township as its agent, still the equipment here involved is not of the type which is the concern of the statute. We would conclude this statute is not here applicable.

The other statute seeking to apply the provision of R.C. 701.02 to townships and their agents is R.C. 505.44. Similar provisions exist in R.C. 717.02 and 717.021 and similar considerations apply. R.C. 505.44 authorized townships to contract for fire protection services with other townships, municipal corporations or with "private fire companies." These are defined in the statute:

"As used in this section 'private fire company' means any group or organization not for profit owning and operating fire-fighting equipment not controlled by any township or municipal corporation."

A similar definition appears in the newly effective R.C. 9.60.

R.C. 505.44 specifically provided:

"Section 701.02 of the Revised Code, so far as it is applicable to the operation of fire departments, applies to the contracting political subdivisions and fire department members when such members are rendering service outside their own subdivision pursuant to such contract."

This contains no reference to private fire companies but only to "fire department members" and then only when such members are acting "outside their own subdivision." Is a private fire company a fire department? Referring to R.C. 505.38 would lead to the conclusion that "fire department" refers to an agency established by the township and not to private companies hired for that purpose. Moreover, such private fire company is not a "contracting political subdivision." It has, moreover, no fixed territorial area that could be called its "subdivision." See 1962 Ohio Atty. Gen. Ops. No. 2785, at 84.

We would conclude that R.C. 505.44 fails to extend any immunity created under R.C. 701.02 to a private fire company as such.

Hence, the trial court erred in determining that such immunity existed.

## II

### The Individual Fireman

There remains the problem of the individual liability of Robert Moore, the fireman member of the private fire company who was operating the Chevrolet truck at the time of the collision within the course of and scope of his position as volunteer fireman on behalf of the private fire company and "en route to a fire call for the private fire company."

Here we return to the provision of R.C. 701.02. We repeat the third paragraph:

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function."

This provision does not concern members of a "fire department" but applies to "firemen." There are no words of limitation appended to the terms and hence we would conclude that Moore, being a member of a private fire company, is a fireman. In *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, at 71, the Supreme Court determined that under R.C. 701.02, "[T]he word 'firemen' would, therefore, include volunteer as well as paid fire fighters, unless otherwise specified." Hence we would conclude a volunteer fireman is a "fireman" within the purview of the paragraph.

The paragraph does, however, contain a limitation despite this. The volunteer fireman must be engaged in the operation of a motor vehicle "in the performance of a governmental function."

There is no question Moore was operating a motor vehicle. Was this operation in the performance of a governmental function? We would conclude that it was. Moore was responding to a fire call. Fire protection has long been held to be a governmental function. See *King* v. *Williams* (1983), 5 Ohio St. 3d 137; 1956 Ohio Atty. Gen. Ops. No. 7464, at 866. The defendant Moore was responding to a fire call, *i.e.,* he was proceeding to furnish such fire protection.

We would conclude that the trial court was correct in holding Moore not to be held personally liable for damages caused by him in the operation of a motor vehicle under these circumstances. To this extent the judgment of the trial court is affirmed.

*Judgment affirmed in part and reversed in part.*

MILLER, P.J., and GUERNSEY, J., concur.