DOUGHERTY, APPELLANT, *v.*
TORRENCE, APPELLEE

(No. C-800799—Decided October 24, 1984.)

*Wendall Sullivan* and *John P. Scahill,* for appellant.

*James W. Gustin* and *Venn & Jones,* for appellee.

*Per Curiam.* This cause came on to be heard upon the order of the Supreme Court of the state of Ohio remanding it with the directive that this court consider the issue of whether R.C. 701.02 immunity attaches when a volunteer fireman operating his personal vehicle on the way to the firehouse in response to an emergency call collides with another vehicle. It is a proviso of the directive that the stated issue be considered on the arguments as briefed in this court originally.

Neither a recitation of the convoluted legal history of this case nor a detailed account of its factual basis would serve any useful purpose at this stage of the proceedings. Accordingly, we note only that on December 15, 1978, Dennis L. Dougherty, was operating his automobile in an easterly direction in the village of Newtown, Ohio. Larry R. Torrence, a volunteer fireman for the village, was operating his personal motor vehicle, in the same direction and at some distance behind Dougherty, on his way to the village firehouse in response to an emergency call. When Dougherty attempted to make a left turn into a parking lot, Torrence's car collided with Dougherty's vehicle in the westbound lane of the roadway.

Dougherty sued Torrence for prop-erty damages and for the personal injuries he suffered as a result of the collision. Torrence moved for summary judgment on the ground that as a volunteer fireman he was afforded immunity under R.C. 701.02. The trial court granted the motion and Dougherty appealed the judgment to this court. We reversed it, holding that the immunity conferred by R.C. 701.02(B) did not extend to volunteer firemen.

On an appeal of that decision, the Supreme Court reversed this court, finding that volunteer firemen did qualify for the statutory immunity.

The order to which we now respond requires us to pass upon the issue whether the immunity provided by the statute attaches in this particular case, *viz.,* when the volunteer fireman is operating his personal vehicle while responding to an emergency call, in the spirit contemplated by App. R. 12(A). As we read the mandate in the light of the antecedent legal events in this case, we are by its terms precluded from remanding this cause to the trial court for a consideration of that issue.[1]

One of the predicates for the directive of the Supreme Court is that although Dougherty assigned as error in his appeal to this court only that the "trial court erred in sustaining [Torrence's] motion for summary judgment," he presented as an "issue" thereunder that a volunteer fireman may not claim immunity under R.C. 701.02 when driving a personal vehicle to the firehouse in response to a signal and a radio call.

In support of the thesis set forth by Dougherty in this "issue," he argues that a private vehicle of a volunteer

---

[1] Dougherty did not specifically raise the "personal vehicle question" when the trial court considered and resolved Torrence's motion for summary judgment. The trial court did not provide the basis upon which it made its decision. However, the fact that Torrence was operating his personal vehicle in responding to an emergency call was before the trial court. Therefore, it is within the realm of possibility that the trial court considered the unarticulated, subliminal issue now given us.

fireman is not firefighting equipment and, thus, that Torrence is not entitled to the protection embodied in R.C. 701.02.

We held, *inter alia,* in *Butler* v. *Weil* (Oct. 29, 1980), Hamilton App. No. C-790614, unreported, that the personal vehicle of a volunteer fireman, even when equipped with flashing red lights and a siren and in use as a conveyance with which to reach the scene of a fire, is not "fire-fighting equipment."[2] However, it does not follow necessarily that this fact removes the immunity prescribed by the statute. R.C. 701.02 does not employ the term "firefighting equipment," but instead refers generally to the operation of any vehicles on the public highways of this state without defining their character. R.C. 701.02(B) similarly does not specify any kind of conveyance, stating merely that immunity shall be afforded to members of a fire department "while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm."

Dougherty also contends that the statutory extension of immunity ought not apply when a private vehicle is used as a matter of public policy. He submits that firefighting apparatuses have distinct shapes, colorations and markings that enable the public to differentiate them easily from private vehicles, and, accordingly, to avoid them when they are "speeding in response * * * to any call."

There is merit to Dougherty's argument that the public is best served when emergency vehicles are clearly and distinctly marked, but it ignores the fact that members of volunteer fire departments do not ordinarily assemble to fight fires by using vehicles other than their own. Volunteer firemen are widely dispersed, as distinguished from their regularly employed counterparts in municipal departments housed in fire stations, and perforce must respond to alarms in the best way available either to the scene of a fire or to a place where their fire fighting equipment is housed. Therefore, to say as Dougherty would have us say that the immunity conferred by R.C. 701.02 applies only when a volunteer is seated in firefighting equipment would remove, effectively, the shield that the Supreme Court has declared to be his. The volunteer could not perform his function, *i.e.,* to get to a fire quickly enough to save lives and preserve property, with impunity if he was unable to use his personal automobile or truck as if it was an emergency vehicle.

Resultantly, because we find no reason in law or logic to find otherwise, we hold that the fact that a member of a volunteer fire department is operating his personal vehicle on the way to the firehouse in response to an emergency call does not, standing alone, prevent the immunity specified in R.C. 701.02 from attaching.

This holding constitutes the response of this court to the instant directive of the Supreme Court of Ohio, and for the reasons set forth therein, the judgment of the court of common pleas now stands affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and DOAN, JJ., concur.

---

[2] The dispositive holding in the case, however, is that R.C. 701.02 is applicable only to members of municipal fire departments. We consider *Butler* v. *Weil* in this respect now to be a nullity as a result of the holding in *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69.