JAEGER ET AL., APPELLANTS, *v.* WRACKER ET AL., APPELLEES.

(No. 3734—Decided February 13, 1985.)

*George H. Ferguson,* for appellants.
*David A. Myers* and *Gregory A. White,* prosecuting attorney, for appellees.

BAIRD, P.J. Plaintiffs-appellants, Robert C. Jaeger, Chester Carpenter, and the Eaton Firemen's Association, Inc., appeal from the summary judgment rendered by the trial court in favor of the defendants-appellees, Board of Township Trustees of Eaton Township and the individual township trustees, Donald Wracker, Donald Reed and Thomas Cruz. We affirm in part and reverse in part.

The facts are not in dispute. On September 7, 1982, the board of township trustees passed a resolution terminating Robert Jaeger's appointment as a volunteer township fire fighter. The board's action was not preceded by formal charges, investigation, or hearing. Prior to taking such action, the board sought legal counsel concerning the proper procedure to be followed. Counsel indicated his legal opinion to be that the procedures set forth in R.C. 733.35 to 733.39 were not applicable to the removal of a volunteer fireman.

Plaintiffs filed an amended complaint seeking a declaratory judgment

applying R.C. 733.35 through 733.39 to the removal of volunteer firemen and declaring the resolution of the board of township trustees null and void; and alleging a violation of Jaeger's civil rights under Section 1983, Title 42, U.S. Code.

The trial court granted summary judgment to the defendants on all counts, finding that a volunteer fireman may be summarily removed by the board of township trustees without a violation of state or federal due process rights and that defendants did not violate Jaeger's civil rights. Plaintiffs appealed. This court then determined, in *Jaeger* v. *Wracker* (1983), 13 Ohio App. 3d 341, that volunteer firemen may not be dismissed or removed without compliance with the statutory procedures found in R.C. 733.35 through 733.39 and that plaintiffs' complaint set forth a valid claim for relief under Section 1983, Title 42, U.S. Code. The summary judgment rendered below was reversed and the cause remanded for further proceedings.

Upon remand, the trial court entered judgment in favor of plaintiffs on count one, which requested a declaratory judgment. The trial court entered judgment in favor of all four defendants on count two concerning the alleged Section 1983 violation. Plaintiffs appeal assigning as error:

"1. The summary judgment is contrary to law.

"2. The trial court erred in ruling that the statutes were ambiguous and the law not clearly established regarding the termination of volunteer firemen by township trustees at the time plaintiff-appellant was summarily removed.

"3. The summary removal of a volunteer fireman by township trustees without notice or hearing or due process of law is clearly a violation of his protected property right in his employment.

"4. The three (3) township trustees knew or should have known that the summary removal of a volunteer fireman without due process of law was a violation of his civil rights and therefore said three (3) trustees do not have qualified immunity in a suit for damages under 42 U.S.C. 1983."

Assignments of Error 1 through 4 all deal with the same basic issue and will be discussed together.

The issue to be addressed is the extent of the defendants' liability for an alleged violation of plaintiffs' civil rights. Defendants claim protection under the theory of qualified immunity. Qualified immunity was quantified by the United States Supreme Court in *Harlow* v. *Fitzgerald* (1982), 457 U.S. 800, 818-819:

"If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained. But again, the defense would turn primarily on objective factors."

Thus, if the law concerning the procedure to be followed when removing a volunteer fireman was clearly established at the time the board of township trustees attempted to remove plaintiff Jaeger from his position as a volunteer fireman, the trustees cannot claim a qualified immunity.

The resolution of the board of township trustees removing Jaeger from his position was passed on September 7, 1982. At that time, there was no reported case law discussing or construing the applicability of the pretermination procedure provisions of R.C. 505.38(A) to volunteer fire fighters. This question was considered by this court in *Jaeger, supra,* in which this court stated at 342: "The answer depends upon the interpretation of the

first three paragraphs of the statute." In reaching its conclusion concerning the correct interpretation of the statute, this court considered the construction of the word "fireman," as used in R.C. 701.02, by the court in *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69. This court applied the analysis of the *Dougherty* court to come to the conclusion at 343 that "the words 'such appointees' found in paragraph one of R.C. 505.38(A) must include all fire fighters, including volunteers."

The *Dougherty* case was decided December 22, 1982. At the time the board of township trustees sought legal counsel concerning whether volunteer fire fighters were entitled to the pretermination procedures, legal counsel did not have the benefit of the *Dougherty* case.

A review of the court's analysis of the issue of the applicability of R.C. 733.35 through 733.39 to volunteer fire fighters reveals that the question did not come within an area of well-settled law. Prior to this court's decision in *Jaeger,* sound legal arguments could be advanced for either position. When the law is in such a state of flux, a client cannot be faulted for relying on the advice of counsel when determining what course of action to follow. The individual trustees of the board of township trustees may claim qualified immunity from damages resulting from a violation of Jaeger's civil rights due to their failure to afford him the pretermination procedure set forth in R.C. 733.35 through 733.39. Plaintiffs' assignments of error one through four are not well-taken and the same are hereby overruled.

### Assignment of Error 5

"The trial court erred in ruling that qualified immunity is a good defense to the entity itself, Board of Township Trustees of Eaton Township."

Defendants Donald Wracker, Donald Reed, and Thomas J. Cruz filed a motion for summary judgment requesting a ruling that, as a matter of law, these defendants be found to be protected from personal or individual liability for damages resulting from the alleged violation of Jaeger's civil rights under Section 1983, Title 42, U.S. Code. The motion for summary judgment was premised upon the qualified immunity provided these defendants as set forth in *Harlow, supra.*

The trial court entered summary judgment in favor of all of the defendants and closed the case. There was no motion for summary judgment before the court on behalf of the defendant board of township trustees.

As to the entity itself, Eaton Township, as represented by the board of township trustees, the defense of qualified immunity is not available. Cf. *Owen* v. *Independence* (1980), 445 U.S. 622 (defense of qualified immunity not available to a city). The trial court erred in granting summary judgment in favor of this defendant. It should also be noted that it is error for the court to issue summary judgment in favor of the defendant who has not moved for the same. *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48. Plaintiffs' assignment of error five is well-taken. The judgment of the trial court dismissing the lawsuit against defendant board of township trustees is hereby reversed and this matter is remanded to the trial court for further proceedings consistent with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

GEORGE and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty under Section 6(C), Article IV, Constitution.