The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on the following three questions:
 1. May a volunteer fireman traveling to or from a fire in his own vehicle be held liable in tort for damage and/or injuries sustained by another party as a result of the fireman's negligent operation of his vehicle?
 2. May a volunteer fire department be held liable in tort for damages and/or injuries sustained by another party as a result of one of its firemen's negligent operation of his vehicle while traveling to or from a fire?
 3. Does a volunteer fire department have a legal duty to insure that all of its firemen who may be traveling to and from a fire in a personal vehicle have the minimum liability insurance required under state law?
RESPONSE
It is my opinion that the answer to your first question is generally "no" absent gross negligence. As with any hypothetical question regarding negligence, however, the facts of each individual case may vary and affect the legal outcome. In response to your second question, the answer may depend upon the nature of the volunteer fire department. Your questions appear to refer to a private nonprofit fire department or to a "rural fire department." If the department in question is a "certified" fire department, it may have limited immunity from liability for certain actions occurring at the fire scene, but apparently not for actions occurring during travel to and from the scene. The answer to your third question is unclear under current Arkansas law. There is no interpretive Arkansas case law on point. Consultation with the legal counsel the fire department normally looks to for legal advice is indicated.
Question 1 — May a volunteer fireman traveling to or from a fire in hisown vehicle be held liable in tort for damage and/or injuries sustainedby another party as a result of the fireman's negligent operation of hisvehicle?
The most relevant statute that must be considered on this question is A.C.A. § 16-5-101, which provides as follows:
 (a) No volunteer fire fighter or board member of a volunteer fire department, nor administrative personnel of a volunteer fire department, shall be civilly liable for personal injury or property damage resulting from any act or omission of a volunteer fire fighter in carrying out his or her official duties as a firefighter if the act or omission was in good faith and did not constitute gross negligence.
 (b) The provisions of this section shall not apply to volunteer fire departments of incorporated cities or towns.
This statute immunizes volunteer firefighters from personal liability for damages arising from the good faith performance of their official duties unless the act or omission constituted "gross negligence." The statute makes no distinction as to whether the firefighter is operating his personal vehicle as opposed to any other vehicle. The relevant inquiry is, rather, whether he is engaged in the carrying out of his official duties as a firefighter. The statute, however, as noted above, does not apply to volunteer fire departments of incorporated cities or towns. You have not indicated the status of the volunteer fire department at issue, but your request copies the "Hardin Volunteer Fire Department." According to my information, Hardin is an unincorporated community. I assume, therefore, that the statute above is applicable and will, in most cases, immunize the volunteer firefighters at issue from liability. As with all cases of negligence, however, reference to the facts of a particular situation would be necessary to come to a definitive conclusion in a given case.
Question 2 — May a volunteer fire department be held liable in tort fordamages and/or injuries sustained by another party as a result of one ofits firemen's negligent operation of his vehicle while traveling to orfrom a fire?
The answer to this question will depend upon the status of the fire department. Certain municipal fire entities are entitled to limited immunity from liability. See e.g., A.C.A. § 21-9-301 (immunizing cities and city employees from certain liability except to the extent of liability insurance). Again, your question appears to address the "Hardin Volunteer Fire Department," which is not a municipal fire department. There does not appear to be any general state statute immunizing all volunteer fire departments of unincorporated communities from liability under all circumstances. As discussed above, the employees of such an entity may be immune from liability under A.C.A. § 16-5-101, but this statute does not immunize the department itself. In addition, although there are Arkansas laws which immunize directors of nonprofit corporations from liability for actions of other board members and employees of the nonprofit corporation (see A.C.A. § 16-120-102 (Supp. 1997)), and laws which immunize qualified "volunteers" against liability for the actions of others and themselves under certain conditions (see A.C.A. § 16-6-101—105), each of these statutory subchapters expressly states that the nonprofit entity itself is not immune from liability. A.C.A. § 16-20-103(c) and A.C.A. § 16-64-104(c).
A statute passed in 1987, however, immunizes certain actions of "certified" fire departments. This definition can include private or volunteer fire departments. See A.C.A. § 20-22-802(3). Section 20-22-808
provides in pertinent part as follows:
 (a) Any certified fire department that does not have tort immunity as provided by state law shall be subject to limited liability as provided in this section.
 (b) Certified fire departments entitled to limited immunity under this section shall not be liable for damages to persons or property resulting from an act or omission of the fire department or the fire fighter occurring at the scene of a reported fire and related to the suppression of the reported fire if the act or omission did not constitute gross negligence, wanton conduct, or intentional wrongdoing.
This statute immunizes certified departments for acts or omissions occurring at the scene of a fire. Because your question concerns a firefighter's actions while traveling to or from a fire scene, it does not appear that this statute is applicable to the facts you have described. In my opinion, therefore, it is possible for a non-municipal fire entity to have liability exposure under the facts you recite. Again, however, the question of liability will depend upon the facts and circumstances of each case.
Question 3 — Does a volunteer fire department have a legal duty to insurethat all of its firemen who may be traveling to and from a fire in apersonal vehicle have the minimum liability insurance required under statelaw?
The answer to this question is unclear under current law. The individual firefighters, of course, have a responsibility, as do all citizens, to maintain the required liability insurance on personal vehicles. See
A.C.A. § 27-22-104 (Supp. 1997). Questions may arise, however, in light of the volunteer firefighter's immunity from liability (see A.C.A. §16-5-101), as to whether his personal insurance carrier would be liable in a given case for actions occurring in his official capacity on behalf of the fire department. I have found no definitive Arkansas case law on this question. Cf., however, Schroeder v. Moore, 15 Ohio App.3d 40,472 N.E.2d 392 (1984) (volunteer fireman was engaged in operation of motor vehicle "in the performance of a governmental function," and could not be held personally liable); and Dougherty v. Torrence, 2 Ohio St.3d 69,442 N.E.2d 1295 (1982) (volunteer fireman was "fireman" with meaning of immunity statute, but remanded to determine whether driving private vehicle to fire fell within immunity statute). Consultation with the counsel to whom the department normally looks for legal advice is indicated in this regard.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh