**EIDT, etc, et v STATE, ex BIRKLINE**

Ohio Appeals, 9th Dist, Lorain Co
No 566. Decided May 8, 1931

Harry M. Redington, Elyria, for Eidt.
R. H. Rice and Leonard Smith, Cleveland, for State ex.

**WASHBURN, J.**

The trial court reached the conclusion it did because it was admitted that the procedure adopted in the dismissal of the relator was in accordance with the civil service law, §486-1a to §486-31, GC, instead of §4379 and §4380, which last two sections were not specifically mentioned in the repealing section of the civil service act.

Said last two sections provide that the chief of police "shall have **exclusive** right to **suspend**" the employees in his department, and upon such suspension the chief shall certify such fact, together with the cause for such suspension, to the director of public safety, who shall inquire into such suspension and render judgment thereon. That procedure was not followed in this case.

The procedure followed was that provided in the civil service act, which provides that suspensions and removals shall be made by the "appointing authority" (which in this case is the director of safety), and that such "appointing authority shall furnish such employee * * * with a copy of the order for removal and his reasons for the same, and give such * * * employee * * * a reasonable time in which to make and file an explanation," and then provides that such order with the explanation, if any, shall be filed with the civil service commission, and if such employee appeals to the commission it shall hear such appeal and it may affirm, disaffirm or modify the judgment of the appointing authority.

The civil service act was passed long after the enactment of §4379 and §4380 GC, and while said sections are not specifically mentioned in the list of sections repealed by the civil service act, it is provided therein that "no person shall be * * * removed * * * suspended * * * or reduced as an * * * employe in the civil service" of the cities of the state "in any manner or by any means other than those prescribed in this act." (§486-2 GC).

And it is also expressly provided in that act that "The procedure applicable to * * * suspensions and removals, as provided for

in §486-17 and 486-17a GC, shall govern the civil service of municipalities." (§486-19 GC).

Repeals of statutes by implication are not favored, and a later statute is not to be construed as repealing an earlier statute if the two statutes can be reconciled by any reasonable interpretation; but if the later statute is in direct conflict with the former statute or the language used in the later statute plainly indicates an intention to substitute it for the former statute, the former statute will be held to be repealed by implication.

"1. An act of the legislature that fails to repeal in terms an existing statute on the same subject-matter must be held to repeal the former statute by implication if the later act is in direct conflict with the former, or if the subsequent act revises the whole subject-matter of the former act and is evidently intended as a substitute for it."

**Goff, et al., v Gates, et al., 87 Oh St 142.**

The language of the civil service act clearly shows an intention to revise the whole subject-matter of civil service and include therein all law relating thereto, and to require the procedure therein provided to be thereafter followed in all cases.

We are clearly of the opinion that, insofar as the provisions of §4379 and §4380 GC conflict with the provisions of the civil service act, they are inoperative because they have been superseded by the later express and specific provisions of the civil service act.

But if we are mistaken as to such conclusion, the matter is put at rest by the repealing section of the civil service act (103 O.L., at p. 713), and also in the amendment thereof (106 O.L., at p. 419), where we find that, in addition to repealing certain specified sections, there is a provision repealing "all other acts or parts of acts inconsistent with the provisions of this act."

"When a lawmaking body declares in plain language that a new law shall supersede other laws then in force and inconsistent therewith, it in effect repeals such other laws—not by implication, but by express enactment."

**State, ex rel, v Bd of Comrs, 29 Oh Ap 364.**

While the answer admitted that the procedure set forth in §4379 and §4380 GC was not followed, it also alleged that the procedure provided in the civil service law was followed, and as we hold that the lat-

ter was the proper procedure to follow, we conclude that the trial court erred in sustaining the demurrer of the relator, and for that reason the judgment is reversed and the cause remanded for trial upon the issues made by the pleadings.

In the case of Kray, relator, against the city of Elyria and the safety and service director thereof, it was stipulated in the Common Pleas Court that the judgment should be the same as in the Birkline case, and that case has been submitted in this court under the same stipulation; and accordingly, an entry may be made in the case of John N. Eidt, etc, v State of Ohio ex rel Kray (No. 567), reversing the judgment and remanding the cause for trial upon the issues made by the pleadings.

PARDEE, PJ, and FUNK, J, concur.