MARTIN, APPELLANT, *v.*
CITY OF BELLEFONTAINE ET AL., APPELLEES.

(No. 8-78-22—Decided March 20, 1979.)

*Mr. Nathan Gordon,* for appellant.

*Mr. John L. Ross,* city prosecutor, for appellees.

GUERNSEY, P. J. The Bellefontaine Civil Service Commission, on January 5, 1979, rendered its decision affirming the "judgment of the appointing authority" after a hearing as to the suspension and removal of William W. Martin, appellant, from his position as a city fireman of a non-charter city. Appeal from that decision was taken by Martin to the Court of Common Pleas of Logan County which, on February 6, 1978, affirmed the "judgment of the Bellefontaine Civil Service Commission."

Although there is some authority that indicates an appeal from a decision of suspension and removal to the Court of Common Pleas might lie under the provisions of R. C. 119.12 (see, for example, *State, ex rel. Oliver,* v. *State Civil Service Commission* [1959], 168 Ohio St. 445 and *In re Locke* [1972], 33 Ohio App. 2d 177), such authority either does not specifically pertain to decisions of municipal civil service commissions or is *obiter dictum* with relation thereto. However, it is specifically recognized that an appeal lies under the provisions of R. C. Chapter 2506 (*State, ex rel. Fagain,* v. *Stork* [1963], 174 Ohio St. 330); and, so far as may be determined from the record before us, both the parties and the court treated the appeal as being made to the Court of Common Pleas under that chapter. The Court of Common Pleas was not limited, therefore, to affirming the commission's decision solely on a finding, as prescribed by R. C. 119.12, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Without making such a finding in its judgment entry, and merely finding therein that it found no error prejudicial to the appellant, the Court of Common Pleas, on December 8, 1978, affirmed the "finding and judgment of the Bellefontaine Civil Service Commission." It is from this judgment that appeal has been taken by the aggrieved fireman to this court. The Court of Common Pleas did, however, file a document labeled "Decision" and "Separate Findings of Fact and Conclusions of Law" in support of its judgment.

*First Assignment of Error:* "The Bellefontaine Civil Ser-

vice Commission erred in affirming the suspension since it was not in compliance with either Section 737.12 or 124.34 of the Ohio Revised Code."

As relates to this assignment of error, it appears from the transcript of hearing before the Bellefontaine Civil Service Commission that in the early morning hours of October 26, 1977, appellant and others placed a substance believed to be firefighting foam into a newly erected public fountain in the city of Bellefontaine; that the incident was then investigated by several police officers of the city; that the services of the city electrician were required to shut off the fountain's mechanism; that the services of street department employees were required in cleanup efforts; that at 8:30 a.m. the same day appellant was contacted by the chief of the fire department and directed to report to the mayor's office; that appellant said he could not at that time; that when appellant did not report he was contacted by the mayor who told him he wanted to see appellant as soon as possible; that again appellant did not appear; that the mayor thereupon instructed the service director to suspend appellant; that charges of criminal damaging and endangering property were filed against appellant in relation to the incident in the Bellefontaine Municipal Court on October 26, 1977; that on October 27, 1977, appellant was notified by letter from the fire chief that he was suspended from duty pending further investigation; that on November 4, 1977, appellant filed an appeal of that suspension to the city civil service commission; and that hearing was had on the appeal by the civil service commission resulting, on January 5, 1978, in its decision which was thereafter appealed.

It is appellant's contention that suspension of municipal fire department employees in the classified service is governed by both R. C. 124.34 and R. C. 737.12 and that neither section was complied with. The city admits, in effect, that R. C. 737.12 was not complied with, but contends, on the other hand, that R. C. 124.34 alone is applicable and was complied with. There is divergent authority as to whether both of these statutes are applicable, represented by the case of *Eidt* v. *State, ex rel. Birkline* (1931), 39 Ohio App. 43, standing for only the applicability of the predecessor of R. C. 124. 34, and by the case of *Snider* v. *Martins Ferry* (1970), 22 Ohio App.

2d 195, and cases cited therein, standing for the proposition that R. C. 737.12 is applicable to the suspension and R. C. 143.27 (now R. C. 124.34) pertains to the review or appeal of the suspension. The appellees claim that this court should be denied consideration of whether R. C. 124.34 was complied with in the suspension of the appellant because the issue was not raised in his appeal to the Court of Common Pleas. We find that the issue not only was raised in the argument of the first assignment of error in the appellant's brief in the Court of Common Pleas, but was also raised in appellant's final argument before the civil service commission.

R. C. 124.34, at the times applicable herein, prescribed among other things:

"The tenure of every * * * employee in the classified service of * * * cities * * * shall be during good behavior * * * and no such * * * employee shall be * * * suspended * * * except * * * for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty * * * or any other failure of good behavior or any other acts of misfeasance, malfeasance, or nonfeasance in office. * * *

"In any case of * * * suspension of more than five working days * * * *the appointing authority* shall furnish such employee with a copy of the order of * * * suspension * * * which order shall state the reasons therefor. Such order shall be filed with the * * * commission * * * .

" * * * *

"In the case of the suspension for any period of time * * * or removal of * * * any member of the * * * fire department of a city * * * *the appointing authority* shall furnish such * * * member of a department with a copy of the order of suspension * * * which order shall state the reasons therefor. Such order shall be filed with the municipal * * * civil service commission. Within ten days following the filing of such order such * * * member of a department may file an appeal, in writing, with the municipal * * * civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear * * * such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. * * * " (Emphasis added.)

It will be observed that although the quoted provisions of R. C. 124.34 prescribe certain duties of the appointing authority to furnish a suspended fireman or other classified employee with a copy of the order of suspension, that section alone does not prescribe who is the appointing authority that has the power to suspend an employee for the reasons stated therein. We then must go to R. C. 124.01 for clarification.

R. C. 124.01(D), in its application to R. C. Chapter 124, including R. C. 124.34, defines "appointing authority" as meaning "the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board or institution."

Again, the matter of who is the "appointing authority" depends upon reference to other statutory sections to determine, in application to this case, the municipal officer having the power of appointment to, or removal from, positions in the municipal fire department.

R. C. 737.01 provides for a department of public safety in each city, administered by a director of public safety. R. C. 737.02 prescribes that "[u]nder the direction of the mayor, the director of public safety shall be the executive head of the police and fire departments" and "shall have all powers and duties connected with and incident to the appointment, regulation, and government of such departments except as otherwise provided by law." Under R. C. 737.08 each city fire department "shall be composed of a chief of the fire department and such other officers, fire fighters, and employees as provided by ordinance," and the "director of public safety shall have the exclusive management and control of such other surgeons, secretaries, clerks, and employees, as are provided by ordinance or resolution." Under R. C. 737.09 the "chief of the fire department shall have exclusive control of the stationing and transferring of all firemen and other officers and employees in the department, under such general rules and regulations as the director of public safety prescribes." Finally, under R. C. 737.12 the chiefs of the police and the fire departments are given "exclusive right to suspend any of the deputies, officers, or employees in their respective departments and under***[his] management and control, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper

authority, or for any other reasonable and just cause." The second paragraph of R. C. 737.12 then provides that in case of such suspension the chief shall forthwith certify same "to the director of public safety who, within five days from the receipt thereof, shall proceed to inquire into***[same] and render judgment thereon," which "may be either suspension, reduction in rank, or dismissal from the department," and which "judgment shall be final except as otherwise provided by law."

It thus appears from these sections that the power of appointment lies solely with the director of public safety, with the chief of the fire department having the power under R. C. 737.12 to initiate a suspension subject to its being finalized by the director of public safety who, in addition to suspension, may reduce in rank or dismiss, but who has no original jurisdiction to suspend or remove independent of a suspension initiated by the chief of the fire department. Compare *State, ex rel. Moyer,* v. *Baldwin* (1908), 77 Ohio St. 532, in its application to earlier and similar statutes giving the mayor approximately the same powers of removal now enjoyed by the director of public safety.

It is thus our opinion, comparable to that of the court in *Snider* v. *Martins Ferry, supra* (22 Ohio App. 2d 195), that the provisions of R. C. 124.34 and R. C. 737.12 are not in conflict, in that the director of public safety has the power to appoint and the final authority of suspension and removal, and in that the chief of the fire department has merely the power to initiate suspension, but no power to remove, and that the director of public safety is the appointing authority as defined by R. C. 124.01(D) and contemplated by R. C. 124.34. Accordingly, it is further our opinion that the suspension order from which appeal may be taken by a fireman to the civil service commission under the provisions of the last paragraph of R. C. 124.34 is the final order of suspension made by the director of public safety and not the interim order of suspension initiated by the chief of the fire department.

There being no final order of suspension by the director of public safety existing at the time appellant filed his appeal of his suspension on November 4, 1977, there was thus no order of suspension appealable to the civil service commission by appellant; hence, that commission had no jurisdiction to entertain the appeal, and its decision affirming the order of suspen-

sion was void. To that degree, the first assignment of error is well taken.

*Second Assignment of Error:* "The commission erred in affirming the removal since it was not in compliance with the procedural requirements of Section 124.34 of the Ohio Revised Code."

*Third Assignment of Error:* "The commission erred in affirming the removal order for the reason that it was manifestly against the weight of the evidence."

*Fourth Assignment of Error:* "The commission erred in failing to set aside the removal order for the reason that such order is not based on grounds prescribed by statute."

We consider the second, third and fourth assignments of error, all dealing with removal, together. It appears from the record that although the chief of the fire department suspended appellant on October 27, 1977, "pending investigation and trial" "based on charges filed against you, concerning action of misconduct with the city Fountain on October 26, 1977," the director of public safety (service-safety director) did not follow up on this suspension and render judgment thereon as prescribed by R. C. 737.12, but independently thereof, by reason of appellant's conviction in municipal court and his "gross insubordination in refusing to report to the Mayor's office on October 27, 1977," notified appellant by letter dated November 23, 1977, that his employment was terminated.

As we have heretofore determined, the November 4, 1977, appeal to the civil service commission was premature, and no appeal was taken subsequent to that date, "in writing," as prescribed by R. C. 124.34. It is a fact that the briefs mention an appeal taken November 29, 1977, but the only thing in the record bearing that date is a letter on the letterhead of Bavis & Bavis, Attorneys at Law, signed by a member of the firm, and addressed to the civil service commission, its chairman and members, in care of the law director, reading as follows:

"Re: William Martin

"Firefighter—City of Bellefontaine

"Gentlemen:

"We, as counsel for the Ohio Civil Service Employees Association, have been requested by one of its members Mr. William Martin to represent him before the Civil Service Com-

mission in the appeal of his suspension and removal from his position as firefighter with the City of Bellefontaine.

"Mr. Martin has notified us that a hearing was scheduled for December 2, 1977 in this matter. We respectfully request that a continuance be granted for at least two or three weeks so that we can properly prepare the Appellant's defense in this matter."

In our opinion and judgment this is no more than what it purports to be, a letter entering the firm's appearance as counsel for appellant and seeking a continuance of a hearing assigned, originally, on the suspension appeal.

The appeal filed in writing by appellant on November 4, 1977, was premature as to the suspension because the suspension was not finalized. It was likewise premature and ineffective as to the removal because the removal had not occurred, nor did the writing, by its terms, purport to pertain to such removal. Further, there was no appeal in writing filed with the civil service commission after the removal. Consequently, there was never, at any time, an appeal in writing to the civil service commission of the removal.

An appeal in writing filed with the municipal civil service commission, as prescribed by the last paragraph of R. C. 124.34, is a mandatory jurisdictional step which must be taken to perfect the appeal. For the lack thereof, the civil service commission had no jurisdiction to proceed with the appeal of the removal of appellant, and its order affirming such removal, being made without jurisdiction, was, therefore, void.

We conclude that the second, third and fourth assignments of error are not well taken on the specific grounds set forth therein, but each is well taken as it pertains to the general authority of the civil service commission to affirm the removal order.

*Fifth Assignment of Error:* "The commission erred in refusing to reconsider the matter or in the alternative, for refusing to grant the request for separate findings of fact and conclusions of law."

We find this assignment of error not well taken for there is no provision in law requiring the municipal civil service commission either to reconsider the matter or to grant a request for separate findings of fact and conclusions of law.

Accordingly, although we have found no error prejudicial to appellant on the specific grounds set forth in the assignments of error, we have found that the jurisdiction of the civil service commission was not invoked and that it had no authority, therefore, to proceed on the appeal of either the suspension or removal of appellant, or to affirm same. The assignments of error have been framed by appellant with reference to the action of the civil service commission and not with reference to the action of the Court of Common Pleas in affirming same. Nevertheless, since the civil service commission had no jurisdiction, the only proper order the commission could make was to dismiss the "appeal(s)" as it, or they, related to the suspension and the removal.

The Court of Common Pleas should have found the same prejudicial error as we have found in the improper exercise of jurisdiction by the civil service commission and should have either modified the order of the civil service commission by dismissing the purported appeals or remanded the matter to the commission with instructions to render an order of dismissal (R. C. 2506.04). By reason of the error of the Court of Common Pleas in not doing so we, in turn, reverse its judgment of affirmance and render the final judgment that the Court of Common Pleas should have rendered.

*Judgment reversed.*

COLE and MILLER, JJ., concur.