48

THE STATE, EX REL. RIEKE, APPELLANT, *v.* HAUSROD, MAYOR,
ET AL., APPELLEES.

[Cite as State, ex rel. Rieke, v. Hausrod (1979),
59 Ohio St. 2d 48.]

(No. 79-181—Decided July 11, 1979.)

Messrs. *Gareau & Gareau* and Mr. *Michael R. Gareau* for appellant.

Messrs. *Barnard & Becker* and Mr. *Michael F. Becker*, for appellees.

*Per Curiam.* Appellees contend, and the Court of Appeals held, that appellant's dismissal by Mayor Hausrod and subsequent denial of a review by the Avon Lake Civil Service Commission are appealable orders, pursuant to R. C. 2506.01, which provides, in pertinent part, as follows:

"Every *final* order, adjudication, or decision of *any officer*, tribunal, authority, board, bureau, *commission*, department or other division *of any political subdivision* of the state *may be reviewed by the common pleas court* of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.-45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 and 2506.04, inclusive, of the Revised Code." (Emphasis added.)

However, a limitation has been placed upon the right to appeal under R. C. 2506.01. In the first two paragraphs of the syllabus in M. J. *Kelley Co.,* v. *Cleveland* (1972), 32 Ohio St. 2d 150, this court held the following:

"1. The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R. C. 2506.01. (*Fortner* v. *Thomas,* 22 Ohio St. 2d 13, approved and followed.)

"2. Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence."

No such quasi-judicial proceeding is evidenced by the

record in the instant cause. Therefore, no administrative appeal, pursuant to R. C. 2506.01 was available to appellant. This does not mean, however, that mandamus lies in the instant cause. In order for a writ of mandamus to issue, it must be established that the appellee is under a clear legal duty to perform an official act. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. The Court of Appeals denied the writ for the reason that appellant had an adequate remedy at law by way of appeal and did not make a determination whether under the facts presented appellant was entitled to allowance of the writ.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.