SCHACK, Appellant,

v.

GENEVA CIVIL SERVICE COMMISSION et al., Appellees.

[Cite as *Schack v. Geneva Civ. Serv. Comm.* (1993), 86 Ohio App.3d 689.]

Court of Appeals of Ohio,
Ashtabula County.

No. 92–A–1723.

Decided March 15, 1993.

690

*Kenneth L. Piper,* for appellant.

*Gary L. Pasqualone,* for appellees.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Ashtabula Court of Common Pleas, dismissing two administrative appeals which had been filed by appellant, Jerry Schack. The dismissals were predicated upon the common pleas court's conclusion that it lacked jurisdiction over both appeals.

As of May 21, 1990, appellant was the Superintendent of the Wastewater Treatment Department of the city of Geneva in Ashtabula County. On that date, appellant received a memorandum from the Geneva City Manager, informing appellant that he was immediately being placed on six-month probation. The memorandum further stated that appellant would retain the same duties during this period, but would be subject to certain additional requirements. The memorandum also set forth the grounds for the city manager's actions.

Upon receiving the memorandum, appellant filed an appeal from this "decision" with the Geneva Civil Service Commission. Appellant also filed a notice of appeal from the manager's memorandum with the common pleas court. Geneva and the city manager were named as the appellees in the direct appeal before the common pleas court. This appeal was given case No. 90741.

Five days after case No. 90741 had been filed, the civil service commission issued its decision on appellant's original appeal to that body. In this decision, the commission denied the appeal on the ground that appellant was not a classified employee, and, thus, had no right of appeal to the commission.

Appellant then filed a notice of appeal from this decision with the common pleas court. As grounds for this second appeal to the common pleas court, appellant alleged in his notice that the Geneva ordinance defining classified and unclassified employees was an invalid exercise of home rule power. He further alleged that the failure to include him as a classified employee was discriminatory.

Geneva and the civil service commission were named as the appellees and this appeal was given case No. 90800.

Although done at different points of the litigation, appellant filed motions for an evidentiary hearing in each appeal. Both of these motions were made pursuant to R.C. 2506.03. Although the common pleas court never specifically ruled on these motions, it did grant the city's motion to consolidate the two appeals for trial purposes.

However, before an evidentiary hearing could be held, appellees filed motions to dismiss in each appeal. Under each motion, appellees argued that each appeal should be dismissed for lack of jurisdiction. As to case No. 90741, appellees argued that a direct appeal from the city manager's memorandum was not available under R.C. 2506.01 because appellant was required to pursue his administrative remedies under R.C. 124.34. As to case No. 90800, appellees maintained that the appeal was not proper because the civil service commission did not have jurisdiction over an unclassified employee.

Once appellant had responded to each motion, the common pleas court entered judgment dismissing both appeals.

In case No. 90741, the court held that the appeal was improper because appellant, if he were an unclassified employee, had no right to an administrative appeal under R.C. 124.34. As to case No. 90800, the court held that if appellant were a classified employee, the appeal from the commission decision was improper because appellant was required under R.C. 124.34 to appeal to the State Personnel Board of Review.

In addition, in response to an issue raised in appellant's notice of appeal in the second case, the court concluded that the definition of a "classified employee" in the city's civil service ordinance was constitutional.

On appeal from this judgment,[1] appellant has assigned the following as error:

"1. The trial court erred in granting appellees' motion[s] to dismiss in that the trial court in effect treated the motion[s] to dismiss as a trial on the merits.

"2. The trial court erred in finding that appellant had no direct right of appeal from the decision of the Geneva City Manager in case number 90741.

"3. The trial court erred in holding that appellant should have appealed directly to the State Personnel Board of Review rather than to the Geneva Civil Service Commission.

"4. The trial court erred in finding that the Supreme Court's decision in *Rocky River v. State Employment Relations Board*, 43 Ohio St. [*sic*] 341, 539 N.E.2d 103 (1989) is not applicable to the rights of public employees in the classified civil service."

■ Appellant's first assignment raises a simple question of procedure. Appellant contends that in ruling on appellees' motions to dismiss, the common pleas court technically treated them as a "trial on the merits." Although not specifically stated in the assignment, appellant apparently believes that the court decided questions of fact, *i.e.*, whether appellant was classified or unclassified. He further contends that the court should have treated the motions as ones to dismiss for failure to state a viable claim under Civ.R. 12(B)(6).

A review of the court's judgment shows that the court did not decide any questions of facts in ruling on the motions. In fact, instead of attempting to make findings of fact, the court stated its judgment in the alternative, depending upon whether appellant was considered a classified or unclassified employee. Moreover, the court's judgment was not based upon the conclusion that appellant's "claims" did not have any substance; instead, the court held that it did not have jurisdiction over either appeal.

Thus, as appellees correctly note, the motions were clearly made pursuant to Civ.R. 12(B)(1). Moreover, regardless of the actual merits of the judgment, it is clear that the court followed the correct procedure in ruling on the motions. Appellant's first assignment lacks merit.

Appellant's second assignment concerns the dismissal of his first appeal to the common pleas court, case No. 90741. As noted above, this appeal was filed directly from the "decision" of the city manager. In the assignment, appellant

---

1. As part of the record in this case, appellant has filed a document captioned an App.R. 9(C) statement of the evidence. However, a review of this document shows that it merely gives a summary of the filings in both cases. It does not refer to any evidence presented at any hearing. Thus, the document is technically an App.R. 9(D) statement of the record, which is not needed in this appeal because the record is properly before this court.

maintains that the appeal was proper under R.C. 2506.01 because the actions of the city manager were quasi-judicial in nature. For the purposes of this assignment, appellant maintains that he was an unclassified employee in the civil service.

If appellant were an unclassified employee, then he was not entitled to the protection of the civil service rules. See *State ex rel. Canfield v. Frost* (1990), 53 Ohio St.3d 13, 557 N.E.2d 1206. Instead, he held his position at the pleasure of the appointing power. 15 Ohio Jurisprudence 3d (1979), 101, Civil Servants, Section 125.

R.C. 2506.01 provides for an appeal to the court of common pleas from a final order of any agency of any political subdivision. In interpreting this provision, the Supreme Court has held that this provision cannot be used to appeal from decisions which are not made in quasi-judicial proceedings. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562. Applying this standard, the Eighth Appellate District has expressly held that an unclassified employee cannot maintain an appeal under R.C. 2506.01. *Prosen v. Dimora* (1992), 79 Ohio App.3d 120, 606 N.E.2d 1050.

Appellant admits that the manager's decision was not required to be made with notice, a hearing, or the opportunity for the introduction of evidence. Under *Kelley*, the lack of these requirements means that the action was not quasi-judicial. Accordingly, the common pleas court did not err in dismissing case No. 90741, as such an appeal will not lie under R.C. 2506.01.

Further, even if the position were classified, the manager's probation was not the type of sanction that was appealable under the state civil service laws; and, since apparently Geneva has no local ordinance concerning this aspect of classified employment under home rule, it is not appealable under any local provision. As to this point, we would note that since civil service laws are administrative in nature, the local provision governing the appealability of orders would prevail over comparable state statutes. See *Garcia v. Siffrin* (1980), 63 Ohio St.2d 259, 17 O.O.3d 167, 407 N.E.2d 1369; *State ex rel. Rogers v. Green* (1935), 130 Ohio St. 323, 4 O.O. 355, 199 N.E. 173. However, as noted, no such local provision has been instituted by Geneva as none has been called to our attention by the parties. Thus, the second assignment is without merit.

Appellant's third assignment relates to the dismissal of the second appeal, case No. 90800. As noted above, this appeal was taken from the decision of the civil service commission. Under this assignment, appellant contends that the trial court erred in dismissing the appeal on the ground that he was required under R.C. 124.34 to appeal to the State Personnel Board of Review. For the purposes

of this assignment, appellant maintains that he was a classified employee in the civil service.

R.C. 124.34 governs orders which affect the *tenure* of a classified employee. The statute provides in part that once such an order has been given, the classified employee can appeal to "the state personnel board of review or the commission." R.C. 124.01(E) then defines "commission" as the municipal civil service commission of the city.

■ Appellant interprets the common pleas court's judgment as saying that under R.C. 124.34, he was required to appeal to the State Personnel Board of Review instead of the commission. If this is the finding of the common pleas court, it is not supported by the statute. The statute clearly gives the employee the option of appealing either to the board or the commission. Moreover, the statute does not require the employee to appeal to the board *after* he has taken an appeal to the commission. R.C. 124.34 only requires one administrative appeal.

As to this point, this court would also note that the Supreme Court has recently confirmed that an appeal from a commission decision can be taken directly to a court of common pleas under R.C. 2506.01. In *Nuspl v. Akron* (1991), 61 Ohio St.3d 511, 575 N.E.2d 447, the court stated, at the syllabus:

"Where neither the local civil service rules nor state law prohibits an appeal from the decision of a civil service commission declaring a person ineligible to take a civil service examination, such decision may be appealed to the court of common pleas pursuant to R.C. 2506.01 (*Sutherland–Wagner v. Brook Park Civil Service Comm.* [1987], 32 Ohio St.3d 323, 512 N.E.2d 1170, approved and followed.)"

■ Although the appeal at issue here was taken from a judgment declaring that appellant was not a classified employee, the same principle is still applicable. The common pleas court had jurisdiction to review *any* issue upon which the commission ruled. Accordingly, the common pleas court erred in dismissing case No. 90800 for lack of jurisdiction and this assignment is well taken.

■ Under case No. 90800, appellant also challenged the constitutionality of the city's civil service ordinance. Essentially, appellant argued that Section IV of the ordinance improperly limits the class of city employees who qualify as civil servants. The common pleas court rejected this argument, holding that the Section IV was a valid exercise of the home rule power. Under his final assignment, appellant contends that the court erred in reaching this conclusion.

We note, however, that once the court found it did not have jurisdiction (regardless of how correct that determination was), it was precluded from

considering any issue of constitutionality. Thus, appellant's fourth assignment is with merit but only to the extent that the trial court was precluded from considering the issue at that point.

The judgment of the trial court is affirmed as to case No. 90741 and reversed and remanded as to case No. 90800.

*Judgment accordingly.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.