**BRICE, Appellee,**

v.

**CITY OF OREGON, Appellant, et al.**

[Cite as *Brice v. Oregon* (1996), 111 Ohio App.3d 7.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–294.

Decided May 10, 1996.

8

[redacted]

*John A. Coble,* for appellee.

*Paul S. Goldberg,* for appellant.

HANDWORK, Judge.

This case is on appeal from the August 3, 1994 judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, John Brice, and denied summary judgment to appellant, the city of Oregon. On appeal, the city of Oregon asserts the following three assignments of error:

"I. The trial court erred when it held that appellee be reinstated as a firefighter since no 'removal' pursuant to O.R.C. 737.12 took place.

"II. The trial court erred when it held that the city of Oregon wrongfully required appellee to resign his position as firefighter.

"III. The trial court erred when it decided it had jurisdiction to determine whether an unclassified employee was afforded protection under Ohio Revised Code Section 737.12."

On August 4, 1993, John Brice filed a complaint in the Lucas County Court of Common Pleas against Oregon, Michael Dansack, Jr. as mayor of Oregon and Raymond Walendzak as chief of the Oregon Fire Department. In his complaint, Brice alleged two counts: (1) wrongful discharge based upon a violation of R.C. 737.12 and (2) a deprivation of his constitutionally protected property interest in his public employment pursuant to Section 1983, Title 42, U.S.Code (because the city failed to comply with the removal procedures of R.C. 737.12). Brice asserted that the court had jurisdiction under R.C. 2305.01 and Chapter 737.

Both parties moved for summary judgment. Brice argued that the evidence clearly established he had been wrongfully discharged and denied his constitutionally protected property interest in his position. The city argued that Brice could not bring suit in the common pleas court because he had failed to follow the grievance procedure set forth in a collective bargaining agreement between the part-time firefighter's association and the city.

The following facts are undisputed. Brice was a fee-for-service (part-time) volunteer firefighter with Oregon from 1978 until 1992. In 1992, Brice was appointed as a wastewater treatment operator for the city. The mayor and the fire chief required Brice to resign from his firefighter position in order to keep his operator's position on the grounds that holding both positions would violate city policy. There was no ordinance or written administrative policy prohibiting a fee-for-service volunteer firefighter from obtaining a full-time position with the city in another department. However, conflicting evidence was presented as to whether there was an unwritten policy prohibiting such employment.

The court granted summary judgment in Brice's favor by a judgment entered on August 3, 1994, finding that there was no legal basis for forcing Brice's resignation from the part-time firefighter position. The city appeals.

When reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

In its third assignment of error, the city argues for the first time on appeal that the lower court lacked subject matter jurisdiction over this case. We must address this issue first. The city asserts that Brice's position as a fee-for-service firefighter was an unclassified position and, therefore, that R.C. Chapter 737 is not applicable and that Brice has no right to continued employment. Brice contends that there is no evidence in the record which indicates that he is an unclassified civil servant.

R.C. 737.12 provides as follows:

"The chief of police and the chief of the fire department shall have exclusive right to suspend any of the deputies, officers, or employees in their respective departments and under their management and control, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable and just cause.

"If any such employee is suspended, the chief of police or the chief of the fire department, as the case may be, shall forthwith certify such fact in writing, together with the cause for such suspension, to the director of public safety, who, within five days from the receipt thereof, shall proceed to inquire into the cause of such suspension and render judgment thereon. Such judgment, if the charge is sustained, may be either suspension, reduction in rank, or dismissal from the department. Such judgment shall be final except as otherwise provided by law.

"The director, in any investigation of charges against a member of the police or fire department, shall have the same powers to administer oaths and to secure the attendance of witnesses and the production of books and papers as are conferred upon the mayor."

In support of its argument, the city relies upon *Peters v. Jackson* (1995), 100 Ohio App.3d 302, 653 N.E.2d 1238. In *Peters,* the court held that an unclassified civil servant has no right to appeal from an order of the director of public safety to the common pleas court asserting a claim of wrongful discharge (for failure to adhere to the procedure of R.C. 737.12) under R.C. 2506.01. The rationale behind the court's holding was that R.C. 2506.01 permits appeals only from decisions made in quasi-judicial proceedings and to hold otherwise would give an unclassified employee all the benefits of a classified employee.

We find that the *Peters* case is not applicable to the facts of the case before us. Brice filed an original action in the common pleas court invoking its general jurisdiction. This case does not arise as an administrative appeal. The only issue raised by this case is whether the city was obligated to follow the process delineated in R.C. 737.12. The issue of whether Brice could appeal the decision of the director of public safety to the common pleas court need not be reached at this time. Therefore, we find the city's third assignment of error not well taken.

■ In its second assignment of error, the city argues that R.C. 737.12 is not applicable to the city because it is a charter city under the Home Rule Amendment and its charter conflicts with R.C. 737.12. The city argues that under its charter, the mayor, with the advice of the city administrator, is the only person who can discharge an employee. Thus, the city argues, this provision of the charter directly conflicts with R.C. 737.12, which empowers the fire chief with the exclusive right to suspend department employees and, therefore, renders the entire provision unenforceable with respect to the city.

■ Under Section 7, Article XVIII, of the Ohio Constitution (the Home Rule Amendment), a city may establish its own charter under which it will exercise its powers of local government subject only to certain restrictions on its power in the Home Rule Amendment and other sections of the Constitution. See *State ex rel. Lentz v. Edwards* (1914), 90 Ohio St. 305, 309, 107 N.E. 768, 769. Therefore, regarding matters of local self-government, a charter provision which conflicts with a parallel state law prevails over the state law. Sections 3 and 7, Article XVIII, Ohio Constitution; *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940, 944. The regulation of the civil service of a city is a matter of local concern. *State ex rel. Lentz v. Edwards* (1914), 90 Ohio St. 305, 309, 107 N.E. 768, 769. So long as the charter provisions regarding the city's civil service do not violate Section 10, Article XV of the Ohio Constitution with respect to the establishment of a civil service system or any other constitutional provision, they supersede state law. *Id.* at 310, 107 N.E. at 769. Furthermore, matters relating to municipal fire protection are matters of local self-government. See *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722, paragraph seven of the syllabus.

In the case before us, the Oregon City Charter provides: "Subject to the other provisions of this Charter and the Constitution and laws of Ohio constitutionally restricting the exercise of the Home Rule powers of the municipality, the Mayor shall, with the advice of the City Administrator, appoint, promote, transfer, reduce or remove any officer or employee of the City except those required by this Charter to be elected."

We find that the quoted section of the Oregon City Charter relates to a matter of local concern and properly supersedes R.C. 737.12 regarding the process within the municipality's fire department for disciplining and removing firefighters.

■ To establish a claim under Section 1983, Title 42, U.S.Code, the conduct in dispute must have been committed by a person acting under color of state law and must have deprived the plaintiff of a federally protected constitutional or statutory right. *Gomez v. Toledo* (1980), 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d

572, and *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 458–459. In this case, Brice alleged that he was deprived of his property interest in his public employment without due process. A public employee has a property interest in his public employment if state law gives him a right to continued employment. See *Deoma v. Shaker Hts* (1990), 68 Ohio App.3d 72, 80–81, 587 N.E.2d 425, 430–431, and *Jackson v. Kurtz* (1979), 65 Ohio App.2d 152, 157–158, 19 O.O.3d 105, 108–109, 416 N.E.2d 1064, 1067–1068 (both holding that R.C. 124.34 gives classified public employees the right to continued employment except as provided therein).

Since R.C. 737.12 is not applicable to Brice and he has alleged no other statute which gives him a property interest in his public employment, we find that the trial court erred in granting summary judgment to him.

Since the city moved for summary judgment, albeit on other grounds, we also find that the trial court erred by not granting summary judgment to the city on all of Brice's claims.

The city's second assignment of error is well taken.

In its first assignment of error, the city argues that it did not remove Brice from his office. Inasmuch as we have found that Brice failed to present sufficient evidence to maintain his Section 1983 action on other grounds, we need not address the issue raised in the city's first assignment of error. Since this issue is moot, we find the city's first assignment of error not well taken.

Having found that the trial court committed error prejudicial to appellant, we reverse the judgment of the Lucas County Court of Common Pleas. Pursuant to the power granted to us by App.R. 12(B), we hereby enter summary judgment in favor of the city of Oregon as the trial court should have done. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.

*Judgment reversed.*

GLASSER and SHERCK, JJ., concur.